**David MADERA, Petitioner–Appellant,**

v.

**Henry RISLEY, Warden, Montana State Prison, Respondent–Appellee.**

No. 88–4096.

United States Court of Appeals, Ninth Circuit.

Submitted June 30, 1989.[*]

Decided Sept. 21, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

John C. Schulte, Worden, Thane & Haines, Missoula, Mont., for petitioner-appellant.

Robert F.W. Smith, Asst. Atty. Gen., Helena, Mont., for respondent-appellee.

Before FARRIS, NOONAN, and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

David A. Madera appeals the district court's denial of his petition for a writ of habeas corpus. Madera contends he has sustained a due process violation because the district court's reconstruction of unrecorded portions of Madera's state trial did not serve as a record from which Madera could effectively appeal. Madera also contends that he received ineffective assistance of counsel when his trial attorney waived recording of portions of the trial and failed to object to the lack of recordation of other portions. We affirm.

## FACTS

In 1982 Madera was convicted of robbery and theft in a Montana state court and sentenced to fifty years' imprisonment. *State v. Madera*, 206 Mont. 140, 670 P.2d 552 (1983). During the trial, the state court did not record the voir dire, opening statements, closing arguments, bench conferences, jury charge, or the jury poll. *Id.* at 163, 670 P.2d at 564. Madera's counsel did not object to the lack of recording and affirmatively waived recording of voir dire and opening statements and closing arguments. *Id.* at 165, 670 P.2d at 564–65.

Madera was tried with his codefendant, Gary LaMere, who was also convicted and sentenced to fifty years' imprisonment. *Madera*, 206 Mont. 140, 670 P.2d 552. The prosecution of Madera was based largely on an eyewitness identification. *Id.* at 158, 670 P.2d at 561. LaMere presented an alibi defense, which the state effectively rebutted. *Id.* at 146, 670 P.2d at 555.

Represented by a new lawyer, Madera appealed, contending that 1) the failure to record certain portions of his trial was a per se due process violation because it effectively denied him a meaningful appeal; and 2) his counsel's failure to challenge the lack of recordation constituted ineffective assistance of counsel. *Id.* at 145, 163–65, 670 P.2d at 555, 564–65. The Montana Supreme Court declined to adopt a rule of

per se due process violation in all nonrecordation cases and held that Madera had not been denied effective assistance of counsel. *Id.* at 164–66, 670 P.2d at 564–65. The court noted that "our review of the entire record in this case leads us to the firm conviction that ... Madera [is] guilty ... beyond a reasonable doubt." *Id.* at 165–66, 670 P.2d at 565.

Madera petitioned in federal court for a writ of habeas corpus under 28 U.S.C. § 2254. A United States magistrate conducted an evidentiary hearing to reconstruct the unrecorded portions of Madera's trial. The prosecutors and trial attorneys for Madera and his codefendant testified at the hearing. The magistrate recommended denial of the petition for writ of habeas corpus based on his findings that the testimony adequately reconstructed the unrecorded portions of Madera's trial and showed that Madera had not been prejudiced by lack of recordation. The magistrate noted that the witnesses' memories were exceptional, their testimony was consistent, and that part of the testimony was based on notes the attorneys had taken during the trial.

Madera timely objected to the magistrate's findings and recommendations. The district court adopted the magistrate's findings and recommendations and denied the petition. Madera filed a notice of appeal, and the district court issued a certificate of probable cause.

## ANALYSIS

*Standard of Review.* We review de novo a district court's decision to deny a petition for writ of habeas corpus. *Campbell v. Kincheloe*, 829 F.2d 1453, 1457 (9th Cir.1987), *cert. denied*, —— U.S. ——, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988). The district court's factual findings, however, are reviewed for clear error. *Neuschafer v. Whitley*, 816 F.2d 1390, 1393 (9th Cir. 1987).

**1.** The parties cite various cases decided under the Court Reporter Act, 28 U.S.C. § 753(b), which requires that federal district courts

## I. Partial Recordation and Due Process

■ Madera contends he has sustained a due process violation because the district court's reconstruction of unrecorded portions of Madera's state trial did not serve as a record from which Madera could effectively appeal. Madera makes no specific allegation of error during the unrecorded portion of his trial, but does argue that it is likely he suffered unfair prejudice in connection with his codefendant's failed alibi defense. Madera's contentions lack merit.

There is no Supreme Court or Ninth Circuit authority on the due process implications of a state court's failure to record portions of a criminal trial.[1] The Supreme Court has, however, ruled as to when the state's denial of transcripts to an indigent defendant violates due process. In *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), the Court identified two criteria relevant to the determination of need for transcripts: "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript." *Id.* at 227 & n. 2, 92 S.Ct. at 433 & n. 2. We adopt *Britt*'s criteria for the evaluation of Madera's petition.

As to the first criterion, the "value of the transcript to the defendant," the *Britt* court held that the defendant was not required to make a showing of need tailored to the facts of the specific case. *Id.* at 228 & n. 3, 92 S.Ct. at 434 & n. 3. Madera contends that he needs a record to see whether or not he suffered appealable error. He identifies a tenable theory as to what that error might have involved, i.e., prejudice from LaMere's alibi defense. Accordingly, we conclude that Madera satisfies the first criterion identified in *Britt*.

As to the second criterion, in *Mayer v. Chicago*, 404 U.S. 189, 195, 92 S.Ct. 410, 415, 30 L.Ed.2d 372 (1971) the Supreme Court has suggested what alternatives to a verbatim transcript are "suitable":

record "all proceedings in criminal cases had in open court[,]" but that Act does not apply to state court proceedings.

Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript.

*Id.* (quoting *Draper v. Washington,* 372 U.S. 487, 495–96, 83 S.Ct. 774, 779, 9 L.Ed.2d 899 (1963)). In *Britt,* the Court suggested that "trial notes might well provide an adequate substitute for a transcript[.]" 404 U.S. at 229 n. 4, 92 S.Ct. at 434 n. 4. In *Harris v. Estelle,* 583 F.2d 775, 777 (5th Cir.1978), a case factually similar to Madera's, the Fifth Circuit held that a suitable alternative to a verbatim record was provided when the state trial court provided the defendant with a statement of facts in narrative form, two bills of exception were filed, and twenty years later the state court held a hearing on the trial court proceedings.

Here, the district court held an evidentiary hearing, attended by the prosecutors and by all counsel for Madera and his codefendant, LaMere. Madera's main contention on appeal is that the prosecutors may have tied him to his codefendant's unsuccessful alibi defense. However, testimony given in the hearing discredits that theory. Neither defendants' counsel recalled that the prosecution tied Madera to the alibi defense. Both prosecutors testified that they bifurcated their treatment of the two codefendants. The witnesses' testimony was detailed, much of the testimony was based on notes the witnesses had made during the trial, and each witness's testimony was consistent with all of the others'. The district court found that the reconstruction of the unrecorded portions of the trial was adequate and showed that no impropriety regarding the alibi defense or any other issue was committed during the

unrecorded portions of the trial. This finding is not clearly erroneous. Thus Madera was not prejudiced by the lack of recordation and is not entitled to habeas corpus relief based on a due process violation.

## II. Ineffective Assistance of Counsel

Madera contends that he received ineffective assistance of counsel because his trial attorney waived recordation of portions of his trial and failed to object to nonrecordation of other portions. This contention lacks merit.

Ineffective assistance of counsel requires a showing that "counsel made error so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment," and that those errors prejudiced the defendant so that confidence in the validity of his conviction is undermined. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

Without deciding whether Madera's counsel committed "unreasonable error," we affirm the district court on the ground that Madera has failed to show prejudice. Madera contends that he may have been unfairly prejudiced by his codefendant's alibi defense, and that he could demonstrate this prejudice had the entirety of his trial been recorded. However, the district court found that no prejudice to Madera occurred during the unrecorded portions of his trial. The record supports that finding. In addition, the prosecution of Madera centered around an eye witness identification, an issue that was separable from LaMere's alibi defense. *Madera,* 206 Mont. at 158, 670 P.2d at 561. We therefore reject Madera's claim of ineffective assistance of counsel.

AFFIRMED.