892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Charles KASPERSKY, Petitioner-Appellant,
v.
Bob GOLDSMITH, Inst. Adm., Attorney General of the State of
Arizona, Respondents-Appellees.
 No. 89-15218.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 16, 1989.*
Decided Dec. 27, 1989.
 
 Before SCHROEDER, NELSON, WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court dismissed Michael Kaspersky's habeas corpus petition on the grounds that Kaspersky did not establish cause for his procedural default in state court, and that Kaspersky's trial counsel was not ineffective. We review the denial of a writ of habeas corpus de novo. Madera v. Risley, 885 F.2d 646, 648 (9th Cir.1989). We have jurisdiction under 28 U.S.C. § 2254 (1982), and we affirm.
 
 I. CAUSE FOR STATE PROCEDURAL DEFAULT
 
 3
 A state prisoner may not obtain federal habeas corpus relief after a state court procedural default absent a showing of cause and actual prejudice. Reed v. Ross, 468 U.S. 1, 11 (1984) (citing Engle v. Isaac, 456 U.S. 107, 129 (1982)). The prisoner establishes cause by showing that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986).
 
 
 4
 Kaspersky's argument that his post-conviction counsel failed to tell him that any claims not raised in his motion for rehearing would be waived is based on the premise that his appellate counsel was ineffective. That argument cannot constitute cause here because Kaspersky did not present a claim of ineffectiveness of appellate counsel to the Arizona state courts. See Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988) (in order to establish cause in federal court, an independent claim of ineffectiveness must first be presented to the state courts).
 
 
 5
 Nor does the state's action in segregating Kaspersky's jailhouse lawyer constitute cause. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 908-09 (9th Cir.1986) (release of inmate who helped petitioner prepare post-conviction petition does not constitute cause). Additionally, the state's failure to return to Kaspersky his files, which contained copies of previous pleadings which his counsel filed on his behalf, does not constitute cause. Kaspersky's inability to obtain his prior pleadings would not have impeded his counsel who presumably retained copies of those pleadings.
 
 
 6
 Kaspersky did not argue to the district court that the state failed to equip the Arizona State Penitentiary with a constitutionally adequate law library and inmate legal assistance program. Nor did he argue that Arizona's rules governing post-conviction relief are too complex. We, therefore, do not consider these arguments for cause. See, e.g., Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 7
 The trial court's alleged error in accepting Kaspersky's pro se petition for rehearing when he was represented by counsel, and the state's alleged failure to file a response to Kaspersky's first petition for post-conviction relief, do not constitute cause. Kaspersky cannot demonstrate that these actions impeded his efforts to preserve his claims.
 
 II. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL
 
 8
 In order for a petitioner to prevail on an ineffective assistance of counsel claim, he must show that counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In this simple forgery case, Kaspersky's trial counsel's alleged failure to interview him extensively before trial was not objectively unreasonable.
 
 
 9
 Kaspersky also alleges that it was objectively unreasonable that his trial counsel (1) failed to find Martindale and (2) played a "waiting game" in the hope that the charges against Kaspersky would be dismissed. These actions would not be objectively unreasonable unless Kaspersky informed counsel before trial of Martindale's alleged consent to Kaspersky's use of the credit cards. Kaspersky, however, first argued that he informed counsel of Martindale's consent before trial in an affidavit attached to his motion for rehearing on the denial of his first petition for post-conviction relief. This constituted a procedural default, see State v. Ramirez, 616 P.2d 924 (Ariz.App.1980) (Rule 32.6(d) does not allow amendments to the pleadings to be made as late as the date of a motion for rehearing), for which Kaspersky has not shown cause. We, therefore, do not consider this argument.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3