988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ray K. TACHIBANA, Petitioner-Appellant,
v.
John W. WAIHEE, Respondent-Appellee.
 No. 92-15283.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1992.*
Decided Feb. 12, 1993.
 
 Appeal from the United States District Court for the District of Hawaii, No. CV-91-00012-HMF; Harold M. Fong, District Judge, Presiding.
 D.Hawaii
 AFFIRMED.
 Before HUG, PREGERSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ray Koichi Tachibana challenges the district court's denial of his petition for a writ of habeas corpus. We review de novo a district court's denial of a habeas petition. Madera v. Risley, 885 F.2d 646, 648 (9th Cir.1989).
 
 
 3
 The district court's jurisdiction was based upon 28 U.S.C. § 2254. We exercise jurisdiction over this timely appeal pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm.
 
 I.
 
 4
 Tachibana asserts that due to the ineffective assistance of trial counsel, his guilty plea was not voluntarily and knowingly made. To demonstrate ineffective assistance of counsel, Tachibana must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). "[T]he two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985).
 
 
 5
 Tachibana has offered no proof that the performance of his trial counsel, Pamela Berman, was not "within the range of competence demanded of attorneys in criminal cases." See id. at 56 (citations omitted). During the change of plea proceeding, Tachibana acknowledged that he discussed his plea with Berman and reviewed the guilty plea form both with Berman and on his own. Moreover, the transcript of the Rule 40 evidentiary hearing makes clear that Berman conferred with Tachibana about Raymond Youngblood and the potential impact of his testimony at trial, the possibility of a plea, and the possible ramifications of entering the plea agreement offered by the State.
 
 
 6
 We conclude that Berman's performance was not deficient. Thus, we need not reach the second prong of the Strickland test to determine whether Berman's performance prejudiced Tachibana's defense. Tachibana's guilty plea was voluntarily and knowingly made.
 
 II.
 
 7
 Tachibana also contends that there was an insufficient factual basis for his guilty plea because he denied killing the victim. During the change of plea proceeding, the judge asked Tachibana to tell him what facts made him think that he should plead guilty, and Tachibana responded: "Well, I was there. I was a participant in it."
 
 
 8
 Immediately thereafter, the prosecutor, Michael McGuigan, offered a summary of the facts providing a basis for the plea. McGuigan stated that in addition to meeting with Melvin Levi on numerous occasions to discuss assaulting the victim, Tachibana waited with Levi outside Tachibana's ex-wife's house for the victim to emerge, was present with Levi when the victim's car was struck and temporarily immobilized, was present with Levi when the victim was assaulted, and accompanied Levi to his residence thereafter. Furthermore, McGuigan stated that Tachibana not only instigated the offenses, but also encouraged Levi and provided Levi with "specifics and particulars as to Gordon Scott himself and what they were to do with him." Finally, McGuigan stated that the evidence showed that Tachibana intended to "waste or kill" the victim. Tachibana advanced no objection to any of the prosecutor's representations.
 
 
 9
 We conclude that there was a sufficient factual basis for Tachibana's plea of guilt to the charge of first degree murder. Thus, we hold that the district court correctly decided that the state courts' factual findings are entitled to the presumption of correctness, that Tachibana failed to overcome the presumption afforded to these findings by establishing an exception in 28 U.S.C. § 2254(d), and that Tachibana is not entitled to a federal evidentiary hearing.
 
 III.
 
 10
 Finally, Tachibana complains that he received ineffective assistance of counsel during the Rule 40 evidentiary hearing conducted in connection with his petition for post-conviction relief. Tachibana had no right to counsel at the Rule 40 hearing. See Coleman v. Thompson, 111 S.Ct. 2546, 2568 (1991). Therefore, any error that his counsel for the Rule 40 hearing, Lane Takahashi, may have made cannot save his claims.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3