988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Gene CUSTER, Petitioner-Appellant,
v.
Wayne ESTELLE, Respondent-Appellee.
 No. 92-15639.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1992.
Decided March 11, 1993.
As Amended April 29, 1993.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-90-20424-WAI, William A. Ingram, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before WILLIAM A. NORRIS, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. OVERVIEW
 
 2
 Michael Custer was convicted of assault in a California state court. Cal.Penal Code § 245(a). He petitioned the federal district court for a writ of habeas corpus. The district court denied his petition, and Custer now appeals. Custer claims that: (1) he was given ineffective assistance of counsel, (2) the California Court of Appeal violated his right to due process of law by using a different basis than the trial court to uphold the enhancement of his sentence, (3) the federal district court violated the due process clause and principles of comity and federalism by holding that Custer's sentence should be enhanced because he used a knife, and (4) the California Court of Appeal violated the Double Jeopardy Clause by upholding the enhancement of Custer's sentence on the basis of a factual finding held to be "not applicable" by the trial court. We affirm.
 
 II. BACKGROUND
 
 3
 Custer committed the crime for which he was convicted immediately after being released from prison. He entered the home of a 78 year old woman at around midnight, took a knife from her kitchen, and cut her telephone cord. According to Custer, she awoke while he was in her bedroom with a knife, and at his direction she followed him into her living room. While she was walking there she had a stroke. Custer testified that he helped her back to her bedroom and brought her medication. As a result of the stroke she is permanently disabled.
 
 
 4
 Odest Mitchell shared a cell with Custer, and testified that Custer told him that when the woman emerged from the bedroom, he "snatched her up ... dragging her into the bedroom."
 
 
 5
 Custer was tried by a jury, and found guilty of violating California Penal Code § 245, "Assault with a deadly weapon or force likely to produce great bodily injury." Custer waived his right to have the jury decide if his sentence should be enhanced because it was a "serious felony," and the trial judge found that enhancement to be appropriate. In making this finding, the trial judge explicitly found that Custer's felony was "serious" because he had used a deadly weapon in committing it, namely a knife.
 
 
 6
 Custer appealed to the California Court of Appeal and challenged the sentence enhancement. He argued that the trial judge had no authority to enhance his sentence on the basis of the use of a deadly weapon, because he could have been found guilty of violating § 245 for either his use of the knife or because he used force likely to cause great bodily harm. Without reaching this question, the California Court of Appeal ruled that the enhancement was justified because the jury's verdict established that Custer caused great bodily injury, which is sufficient to render his crime a "serious felony."
 
 
 7
 Custer made further unsuccessful appeals within the state court system, and having exhausted his remedies within that system, he filed for a writ of habeas corpus in federal district court. That court denied his petition, finding that he received effective assistance of counsel, that the trial court properly enhanced his sentence because he used a knife, and that his attacks on the decision of the California Court of Appeal are not cognizable on petition for a writ habeas corpus because they do not challenge the legality of his detention.
 
 III. DISCUSSION
 A. Standard of Review
 
 8
 The denial of a petition for writ of habeas corpus is reviewed de novo. Madera v. Risley, 885 F.2d 646, 648 (9th Cir.1989).
 
 B. Ineffective Assistance of Counsel
 
 9
 Custer argues that his Sixth Amendment right to assistance of counsel was violated because his appellate lawyer did not raise the issue of the trial court's failure to give a unanimity jury instruction. To make out a successful claim of ineffective assistance of counsel, the defendant must show that (1) his counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that (2) his counsel's incompetence prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Miller v. Keeny, 882 F.2d 1428, 1433-34 (9th Cir.1989).
 
 
 10
 Custer argues that the jury could have found him guilty under either of two theories: that he assaulted the woman with the knife in the bedroom or that he assaulted her by dragging her back into the bedroom. However, having fully reviewed the record, we find that appellate counsel's failure to raise this issue does not render his assistance ineffective. The assault-by-dragging theory finds support only in a few sentences uttered by Mitchell, and although the prosecutor did mention it at a bench conference on jury instructions, Custer's defense counsel argued that there was no support for this theory, and the trial judge agreed. The dragging theory was accordingly not put before the jury, so there could be no prejudicial error in failing to instruct the jurors that they must agree unanimously on which theory, the knife or the dragging, supplied the section 245 element. Appellate counsel's failure to appeal on the ground that the jury was not so instructed does not render his counsel ineffective. Miller v. Keeny, 882 F.2d 1428, 1435 (9th Cir.1989).
 
 C. Sentence Enhancement
 1. Lack of Notice
 
 11
 Custer argues that because the California Court of Appeal relied on a different ground than the trial court to uphold the enhancement of his sentence, he was deprived of notice in violation of due process of law. The gravamen of Custer's complaint is that he should have had notice that the California Court of Appeal was going to uphold the enhancement on the basis of his causing great bodily harm (Cal.Penal Code § 1192.7(8)), because the trial court used a different basis, namely Custer's use of a knife (Cal.Penal Code § 1192.7(23)).
 
 
 12
 This claim fails because Custer had the opportunity to redress any error by the California Court of Appeal through a petition for rehearing, or through a petition for writ of certiorari to the California Supreme Court. Moreover, even if there was constitutional error in the appellate court's failure to give notice of the basis of its decision, that failure was harmless.
 
 2. Enhancement based on use of knife
 
 13
 Custer argues that because the jury verdict was ambiguous between the assault-by-knife and assault-by-dragging theories, the trial judge had no authority to impose an enhancement for using a knife. Custer waived his right to a jury determination of this issue, but now claims that the judge was prohibited, under California and constitutional law, from making a factual finding not made by the jury.
 
 
 14
 We need not reach the issue of whether the judge's action violates California law, because we are convinced that neither federal nor constitutional law has been violated, and thus habeas relief is unavailable. Franzen v. Brinkman, 877 F.2d 26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989). The only authority Custer cites for the unconstitutionality of the judge making a sentencing finding independent of the jury is Hicks v. Oklahoma, 447 U.S. 343 (1980). Hicks is not applicable here because Custer waived his right to a jury determination of enhancement issues. Moreover, in Hicks, the problem was that Hicks was deprived of the jury's discretion; that case does not hold that the judge cannot determine an issue on which the jury is silent.
 
 D. Comity and Federalism
 
 15
 Custer maintains that it was improper for the federal district court to deny Custer's petition for habeas relief on the grounds that the state trial court properly enhanced Custer's sentence. The core of Custer's complaint is that because the California Court of Appeal did not address the propriety of enhancing Custer's sentence because he used a knife, it was improper for the federal district court to address that question.
 
 
 16
 The district court's action does not offend comity or federalism. Unlike Cabana v. Bullock, 474 U.S. 376 (1986), in this case the federal court is relying on a finding made by a state court, namely the trial court's finding that Custer's use of a knife warranted an enhancement. That the California Court of Appeal chose not to address this issue is irrelevant.
 
 E. Double Jeopardy
 
 17
 Custer claims that the California Court of Appeal violated his right to be free from Double Jeopardy by upholding his enhancement on the basis of his causing bodily harm. At the trial, the government argued that § 1203.09 of the California Penal Code, which denies the possibility of parole, should apply because the defendant committed a crime against a person over age sixty which resulted in physical injury. The jury returned a verdict finding that this section should apply, but the parties stipulated that it should not, because Custer had not been convicted of one of the predicate offenses. That the parties stipulated that the no-parole provision did not apply has no bearing on whether Custer's conduct counts as a "serious felony" for purposes of sentence enhancement. The parties stipulated that § 1203.09 was inapplicable because Custer had not committed one of the predicate offenses, not because they agreed Custer caused no injury. Custer's double jeopardy rights have not been violated. Gray v. Lewis, 881 F.2d 821, 822-23 (9th Cir.) (double jeopardy protects against multiple prosecutions), cert. denied, 493 U.S. 996 (1989).
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3