27 F.3d 327
 UNITED STATES of America, Appellee,
v.
ONE PARCEL OF REAL PROPERTY, LOCATED AT 9638 CHICAGO
HEIGHTS, ST. LOUIS, MISSOURI, Lot 31 in Block R-9 of Elmwood
Park Resubdivision, According to the Plat thereof Recorded
in Plat Book 108, Page 20, of the St. Louis County
Recorder's Office, Together with the Improvements thereon
Known as and Numbered 9638 Chicago Heights, with all
Appurtenances and Improvements thereon; Appellant,
Carol Long; Appellant,
Commercial Credit Plan, Incorporated, Claimant.
 No. 93-3350.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 15, 1994.
Decided June 15, 1994.
 
 Deborah Michelle Bird, St. Louis, MO, argued (Nick A. Zotos, on the brief), for appellant.
 Raymond Martin Meyer, St. Louis, MO, argued, for appellee.
 Before RICHARD S. ARNOLD, Chief Judge, MAGILL and BEAM, Circuit Judges.
 BEAM, Circuit Judge.
 
 
 1
 Carol Long, owner of the defendant real property, appeals from a grant of summary judgment to the government in this 21 U.S.C. Sec. 881 forfeiture action. She raises several constitutional challenges. We reverse and remand to the district court with directions to dismiss the action.
 
 I. BACKGROUND
 
 2
 On March 5, 1992, Long pled guilty in state court to three counts of selling a controlled substance. The three drug transactions occurred at Long's residence. The total quantity of drugs involved in the three sales was approximately two grams of cocaine. Long received a suspended sentence and was placed on probation for five years. As a condition of probation, Long was ordered to pay $225 restitution. This amount represents the cash value of the drugs Long sold in the three drug transactions.
 
 
 3
 On June 17, 1992, the United States filed a verified forfeiture complaint against Long's residence, the defendant real property located at 9638 Chicago Heights in St. Louis, Missouri. On that same day, the United States filed a notice of lis pendens and obtained a warrant for the seizure of the defendant real property. Long was not given notice or a hearing prior to the execution of the warrant. In all three documents, the United States alleged that the real property was used or intended to be used to commit or to facilitate the commission of a violation of the Controlled Substances Act, 21 U.S.C. Secs. 881 et seq. Long's answer denied that the United States had probable cause to seek forfeiture of her residence. The United States filed a motion for summary judgment to which Long failed to respond.[1] On July 19, 1993, the district court granted the government's unopposed motion for summary judgment and ordered the residence forfeited. Long appeals.
 
 II. DISCUSSION
 A. Fifth Amendment Due Process
 
 4
 Long raises a number of grounds for reversal. We find that a recent Supreme Court case, United States v. James Daniel Good Real Property, --- U.S. ----, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) is dispositive. In Good, the Supreme Court determined that the seizure of real property for forfeiture under section 881(a)(7) violates due process if the property owner is not afforded notice and a hearing prior to the seizure. The Court rejected the contention that a postseizure hearing satisfies the Fifth Amendment due process requirement stating that:
 
 
 5
 based upon the importance of the private interests at risk and the absence of countervailing Government needs ... the seizure of real property under Sec. 881(a)(7) is not one of those extraordinary instances that justify the postponement of notice and hearing. Unless exigent circumstances are present, the Due Process Clause requires the Government to afford notice and a meaningful opportunity to be heard before seizing real property subject to civil forfeiture.
 
 
 6
 Good, --- U.S. at ----, 114 S.Ct. at 505. There is no dispute that Long did not receive notice and/or a hearing before the seizure of her residence. Indeed, the seizure warrant was issued and executed on June 17, 1992, the same day that the forfeiture action was filed. However, Good was decided after the magistrate judge issued the seizure warrant and after the district court granted the United States' motion for summary judgment. Therefore, Long can prevail only if Good is retroactively applicable to her case.
 
 
 7
 The Supreme Court has recently addressed the question of retroactive application of its civil decisions. See James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991). Relying on Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), the Court held that equity and stare decisis require courts to apply a rule of federal law retroactively when the case announcing the rule applied it retroactively. Beam, 501 U.S. at 540-41, 111 S.Ct. at 2446. Describing this result as "overwhelmingly the norm," the Court noted that courts traditionally decide cases based upon the best current understanding of the law. Id. at 534-36, 111 S.Ct. at 2443.
 
 
 8
 In Good, the Supreme Court held that due process requires preseizure notice and hearing in real property civil forfeiture cases. The Court then retroactively applied this rule to conclude that Good's due process rights had been violated. Under Beam, we must apply this preseizure notice and hearing requirement retroactively to those cases which were not finally decided prior to Good. This case was pending on appeal when Good was decided, and thus, was not final for purposes of retroactivity.[2]
 
 
 9
 We note that at least two district courts have applied Good retroactively. United States v. 4204 Thorndale Ave., No. 92-C-3744, 1994 WL 92005, mem. op. (N.D.Ill. March 21, 1994); United States v. 77 East 3rd St., 849 F.Supp. 876 (S.D.N.Y.1994). In both cases, the courts found seizures to be unconstitutional because of the lack of a preseizure hearing. However, rather than dismiss the cases on that ground, both courts concluded that any constitutional harm was remedied by suppression of any evidence gained through the illegal seizure. In reaching this conclusion, both courts relied upon a line of cases using a Fourth Amendment search and seizure analysis.
 
 
 10
 We find this Fourth Amendment analysis inappropriate for the Fifth Amendment right at stake in this case. Suppression of evidence is an appropriate remedy for Fourth Amendment violations because the purpose of the illegal seizure was to preserve or to acquire evidence. However, suppression of seized evidence provides no remedy at all when the purpose of the seizure is not to acquire evidence but to assert a possessory interest over the property. See Good, --- U.S. at ----, 114 S.Ct. at 500.
 
 
 11
 The lack of notice and a hearing prior to the issuance of an arrest warrant for the seizure of the Long residence renders that warrant invalid and unconstitutional. Because the seizure was conducted pursuant to an invalid warrant, we must dismiss this forfeiture action. If statutory time constraints permit, however, the government is free to procure a valid arrest warrant after a Good hearing and thus to commence the forfeiture proceedings anew.
 
 B. Eighth Amendment Excessive Fine Analysis
 
 12
 Because we find the seizure in this case to be illegal, and therefore dismiss on that ground, we need not reach Long's contention that this forfeiture constitutes an excessive fine and therefore violates the Eighth Amendment. See Austin v. United States, --- U.S. ----, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); Alexander v. United States, --- U.S. ----, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993). However, the district court adopted the test for excessiveness articulated in Justice Scalia's concurrence to Austin and we feel compelled to point out our dissatisfaction with that test.
 
 
 13
 Justice Scalia suggested that the question of whether a forfeiture constitutes an excessive fine should turn exclusively on the relationship between the forfeited property and the offense. Austin, --- U.S. at ----, 113 S.Ct. at 2815 (Scalia, J., concurring). However, the Austin majority made it clear that the Court was not adopting Justice Scalia's formulation. The Court stated:
 
 
 14
 Justice Scalia suggests that the sole measure of an in rem forfeiture's excessiveness is the relationship between the forfeited property and the offense. We do not rule out the possibility that the connection between the property and the offense may be relevant, but our decision today in no way limits the Court of Appeals from considering other factors in determining whether the forfeiture of Austin's property was excessive.
 
 
 15
 Id. at ----, n. 15, 113 S.Ct. at 2812, n. 15 (citation omitted). We need not articulate such a test in this case. We note, however, that the test applied by the district court is inadequate because it conflates the Eighth Amendment excessive fine analysis with the section 881(a)(7) nexus requirement. While the two inquiries share some characteristics, the Eighth Amendment requires a broader analysis. See, e.g., United States v. RR # 1, Box 224, 14 F.3d 864, 873 (3d Cir.1994); United States v. 6625 Zumirez Drive, 845 F.Supp. 725 (C.D.Ca.1994). The district court's test did not consider the monetary value of the property, the extent of criminal activity associated with the property, the fact that the property was a residence, the effect of forfeiture on innocent occupants of the residence, including children, or any other factors that an excessive fine analysis might require.
 
 III. CONCLUSION
 
 16
 For the reasons stated above, the order directing forfeiture of the Long residence is reversed.
 
 
 
 [1]
 Long is bound by her attorney's failure to respond to the United States' motion for summary judgment. However, this failure does not automatically compel resolution of this appeal in favor of the United States. Federal Rule of Civil Procedure 56(e) provides that: "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e) (emphasis added). Thus, a reviewing court must still determine whether the district court's entry of summary judgment was appropriate
 
 
 [2]
 Long has not previously raised a Fifth Amendment due process challenge to the seizure. However, in her answer, Long objected to the seizure on the ground that the United States lacked probable cause for seizing her residence. The United States was therefore on notice that Long was challenging the seizure as well as the forfeiture. In light of the Supreme Court's strongly worded preference for retroactivity of civil decisions, we do not think that Long's failure to identify this particular claim bars our retroactive application of the notice and hearing requirement. See Beam, 501 U.S. at 534-36, 111 S.Ct. at 2443
 The Beam Court relied extensively on Griffith. In Griffith, the Supreme Court held that Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) should be applied retroactively to those cases not yet final when Batson was decided. Griffith, 479 U.S. at 316, 107 S.Ct. at 709-10. The Court did not make retroactive application contingent on whether the affected party had previously raised a Fourteenth Amendment challenge to the jury selection process. Indeed, the Griffith Court retroactively applied Batson's Fourteenth Amendment analysis to two plaintiffs; one of whom raised a Fourteenth Amendment challenge in the lower courts, the other of whom did not. Thus, our decision to apply Good to this case places us squarely within Griffith and Beam. See also United States v. RR # 1, Box 224, 14 F.3d 864 (3d Cir.1994) (noting that Good issues might arise on remand despite the fact that claimant had not previously raised a due process claim.)