48 F.3d 289
 UNITED STATES of America, Appellee,
v.
ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES
AND IMPROVEMENTS, KNOWN AS LOT SIX (6), BLOCK ONE (1), MILLS
SECOND SUBDIVISION, BURLEIGH COUNTY, NORTH DAKOTA, 2130 West
Harbor Drive, Bismarck, North Dakota, Appellant.
Mark A. Doll, Claimant.
 No. 94-2048.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 14, 1994.
Decided Feb. 14, 1995.
 
 Irvin Nodland, Bismarck, ND, argued, for appellant.
 Cameron Hayden, Asst. U.S. Atty., for appellee.
 Before McMILLIAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and SHAW,* District Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 Mark Doll, claimant, appeals from a final judgment entered in the District Court for the District of North Dakota granting summary judgment in favor of the government in this civil forfeiture action. United States v. One Parcel of Real Property, No. A1-91-202 (D.N.D. April 20, 1994) (Order).[1] For reversal, Doll argues (1) the civil forfeiture of his home pursuant to 21 U.S.C. Sec. 881(a)(6) after he had already been convicted of drug-related offenses was a violation of the Double Jeopardy Clause, and (2) the issuance of a warrant for the arrest in rem of his residence without a pre-seizure hearing violated his due process rights under the Fifth Amendment. Because we find the due process issue dispositive, we need not reach the double jeopardy question. For the reasons set forth below, we reverse and remand with instructions to dismiss the civil forfeiture action.
 
 I. BACKGROUND
 
 2
 This case arises out of the government's attempt to forfeit Doll's riverfront residence located in the city of Bismarck, North Dakota. Though the government sought to forfeit other real property belonging to Doll, the civil forfeiture action against the residence is the only action presently before us on appeal.
 
 
 3
 Doll was arrested in Bismarck on November 13, 1991, on a thirteen-count indictment charging him with various drug-related offenses. After a jury trial in March 1992, Doll was convicted of one count of conspiracy to distribute marijuana, one count of distributing one ounce of marijuana, one count of using $20,825.98 in cash from the sale of marijuana in the construction of his residence (money-laundering), and one count of conspiracy to convert and secrete cash proceeds from the sale of marijuana (money-laundering). On May 11, 1992, he was sentenced to 51 months in jail, three years supervised release, and fined $10,000. Doll has not appealed his convictions.
 
 
 4
 While in jail awaiting his first appearance on these criminal charges, he was served with the summons and complaint in this civil forfeiture action. The complaint was stamped "filed" by the district court clerk's office on November 13, 1991, but it was dated November 6, 1991. Appellant's Appendix at 7-11. In the verified complaint, the government alleged that Doll built his riverfront residence with proceeds from illegal drug transactions. Based on the allegations in the complaint, the district court issued a warrant, dated November 6, 1991, for the arrest in rem of the residence. Appellant's Appendix at 13-16. On November 14, 1991, the United States Marshal executed the warrant, seized the residence, and thereafter maintained custody and control of the residence.
 
 
 5
 This civil forfeiture action was delayed for some time because the district court allowed Doll additional time to complete discovery. After completion of the extended discovery phase, the government moved for summary judgment against the residence. In his motion to dismiss this forfeiture action, Doll argued that the government had violated his constitutional rights under the Excessive Fines Clause of the Eighth Amendment and the Double Jeopardy Clause of the Fifth Amendment. He further contended that he had been denied procedural due process because he had never been given a pre-seizure hearing.
 
 
 6
 In a memorandum and order, dated December 6, 1993, the district court granted summary judgment to the government in its action against the residence. United States v. One Parcel of Real Property, No. A1-91-202 (Dec. 6, 1993). Doll subsequently moved the court to reconsider its ruling in light of the Supreme Court's recent decision in United States v. James Daniel Good Real Property, --- U.S. ----, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) ("Good"), which held that to comport with due process, the government in a civil forfeiture action must provide a pre-seizure notice and opportunity to be heard in the absence of exigent circumstances. In this motion, Doll argued that the appropriate remedy for the violation of his Fifth Amendment due process rights was dismissal of the government's forfeiture action. Appellant's Appendix at 143, 150. The district court granted the motion for reconsideration and held that in light of Good, the government had violated Doll's due process rights by seizing his real property without a prior notice and opportunity to be heard. However, the district court declined to dismiss the forfeiture action because "[s]uch violation does not invalidate the forfeiture proceeding, but does invalidate the possession of the property by the government prior to the adjudication in the case." United States v. One Parcel of Real Property, No. A1-91-202, slip op. at 2 (Feb. 28, 1994) (Memorandum and Order). Finding no showing of exigent circumstances in the present case, the district court ordered the government to return to Doll all of the rents and profits it had collected during the two years it possessed Doll's residence before the district court's grant of summary judgment in favor of the government. Id. at 3. The district court entered final judgment in this matter on April 20, 1994, and ordered that the provisions of the judgment would be stayed upon the filing of a notice of appeal. United States v. One Parcel of Real Property, No. A1-91-202 (Apr. 20, 1994). Doll filed a notice of appeal from this final judgment on April 22, 1994.
 
 II. DISCUSSION
 
 7
 Our decision in United States v. One Parcel of Real Property Located at 9638 Chicago Heights, 27 F.3d 327 (8th Cir.1994) ("Chicago Heights"), controls the disposition of this matter. In Chicago Heights, we held that the failure of a district court to provide a pre-seizure hearing before an arrest in rem in a civil forfeiture action, as required by Good, required the dismissal of the forfeiture action. Specifically, we stated that "the lack of notice and a hearing prior to the issuance of an arrest warrant for the seizure of the [home] renders that warrant invalid and unconstitutional. Because the seizure was conducted pursuant to an invalid warrant, we must dismiss this forfeiture action." Chicago Heights, 27 F.3d at 330.
 
 
 8
 The district court entered final judgment in the present case almost two months before our decision in Chicago Heights. Thus, it did not have the benefit of our conclusion as to the proper remedy. Although the government concedes on this appeal that there was a due process violation, it maintains that the dismissal remedy is inappropriate. We disagree. There are no significant differences between the facts in Chicago Heights and the facts in the present case. In Chicago Heights, we determined that the requirement for pre-seizure hearings was to apply retroactively to all cases not finally decided at the time of the Good decision. Id.; see United States v. Three Parcels of Real Property, 43 F.3d 388, 393 (8th Cir.1994). In the present case, we are faced again, as we were in Chicago Heights, with a seizure premised upon an invalid and unconstitutional warrant. The civil forfeiture must therefore be dismissed.
 
 
 9
 The government contends that in the event we determine that the forfeiture action should be dismissed, the statute of limitations for the commencement of such actions should be tolled. Once again, we find Chicago Heights instructive. After concluding that dismissal of the civil forfeiture action was appropriate, we stated that "[i]f statutory time constraints permit, however, the government is free to procure a valid arrest warrant after a Good hearing and thus to commence the forfeiture proceedings anew." Chicago Heights, 27 F.3d at 330. The language of Chicago Heights provides sufficient guidance to government in this action as well. Any arguments concerning the tolling of the statute of limitations should be made first to the district court in any subsequent action if the limitations period is raised as a defense.
 
 
 10
 Finally, Doll argues that because of the government's due process violation, he is entitled to attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412. This request is premature, and we therefore decline to consider it at this time.
 
 III. CONCLUSION
 
 11
 For the reasons set out above, the judgment of the district court is reversed and the case is remanded with instructions to dismiss the civil forfeiture action.
 
 
 
 *
 The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 The district court and the parties have confused the docket numbers of the two consolidated forfeiture actions against the properties of Mark Doll. This court has taken note of the discrepancies, and we will refer to the action against the Doll residence, the one currently on appeal, as No. A1-91-202