United States Court of Appeals,

Eleventh Circuit.

No. 94-8931.

UNITED STATES of America, Plaintiff-Appellee,

v.

2751 PEYTON WOODS TRAIL, S.W., Atlanta, Fulton County, Georgia, Including all buildings and appurtenances thereon, described in Exhibit A, attached, Defendant,

Approximately 4.37 Acres of Land, Lying in Land Lot 213 of the 14th District of Fulton County, Georgia, Being lots 2, 3, 5, 6 & 7 of the Hope Court Subdivision, Including all buildings and appurtenances thereon, described in Exhibit B, attached, Defendant,

Danielle Richardson and William Richardson, Claimants-Appellants.

Oct. 17, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:93-CV-912-RLV), Robert L. Vining, Jr., Judge.

Before BIRCH and BARKETT, Circuit Judges, and SMITH[*], Senior Circuit Judge.

BARKETT, Circuit Judge:

William Richardson appeals from a final judgment of civil forfeiture entered in favor of the government. He argues that the government's failure to afford him notice and a hearing before seizing his properties violated due process and that the district court should have dismissed the forfeiture complaint. Based on *United States v. James Daniel Good Real Property,* --- U.S. ----, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), we conclude that the government's ex parte seizure of the properties violated Richardson's right to due process and that the forfeiture complaint

[*]Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

therefore must be dismissed.  Accordingly, we reverse the district court's denial of Richardson's motion to dismiss and the final judgment of forfeiture.[1]

## BACKGROUND

In 1993, the government received ex parte warrants authorizing seizure of the defendant properties after convincing a U.S. magistrate that probable cause existed to believe they were involved in or traceable to money laundering proscribed by 18 U.S.C. §§ 1956 & 1957.  Thereafter, the government filed a verified complaint for forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and received warrants for arrest of the properties in rem.  The government then executed process on the properties and changed the locks on an uninhabited home situated on the one developed property.

Richardson subsequently filed a claim asserting an ownership interest in the properties.  He also moved to dismiss the seizure warrants and the forfeiture complaint, arguing that he was not given pre-seizure notice or a hearing.  The district court denied the motion to dismiss and granted the government's motion for summary judgment.

## DISCUSSION

In *United States v. James Daniel Good Real Property,* --- U.S. ----, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), the Supreme Court established that absent exigent circumstances, the seizure of real property for civil forfeiture violates fifth amendment due process

---

[1]In light of this ruling, we need not and do not address Richardson's argument that the district court erroneously granted summary judgment to the government.

if the property owner is not afforded notice and a hearing *prior* to the seizure. *Id.* at ----, 114 S.Ct. at 505.[2] The Court rejected the argument that due process is satisfied by a post-seizure hearing, concluding that:

> based upon the importance of the private interests at risk and the absence of countervailing Government needs, ... the seizure of real property under § 881(a)(7) is not one of those extraordinary instances that justify the postponement of notice and hearing. Unless exigent circumstances are present, the Due Process Clause *requires* the Government to afford notice and a meaningful opportunity to be heard *before* seizing real property subject to civil forfeiture.

*Good,* --- U.S. at ----, 114 S.Ct. at 505 (emphasis added).

In our case, it is undisputed that Richardson received neither notice nor a hearing before issuance of the warrants seizing his properties. It also is undisputed that the government neither alleged nor established the existence of exigent circumstances that might have allowed ex parte seizure of the properties under *Good.*[3] Thus, there is no question that the warrants were invalid and that seizure of the properties therefore violated Richardson's fifth amendment right to due process. *See id.; United States v. Real Property Located at 20832 Big Rock*

---

[2]Although *Good* was decided after the warrants were issued in this case, we apply its holding retroactively, as did the *Good* Court in finding that Good's due process rights had been violated by the ex parte seizure. *See James B. Beam Distilling Co. v. Georgia,* 501 U.S. 529, 540-41, 111 S.Ct. 2439, 2446, 115 L.Ed.2d 481 (1991) (explaining that when case announcing federal rule applies rule retroactively, lower federal courts must also apply rule retroactively); *United States v. All Assets and Equipment of West Side Building Corp.,* 58 F.3d 1181, 1191 (7th Cir.1995).

[3]"To establish exigent circumstances, the Government must show that less restrictive measures—i.e., a lis pendens, restraining order, or bond—would not suffice to protect the Government's interests in preventing the sale, destruction, or continued unlawful use of the real property." *Good,* --- U.S. at ----, 114 S.Ct. at 505.

*Drive, Malibu, CA,* 51 F.3d 1402, 1406 (9th Cir.1995); *United States v. One Parcel of Real Property, Located at 9638 Chicago Heights, St. Louis, MO,* 27 F.3d 327, 330 (8th Cir.1994); *United States v. 51 Pieces of Real Property, Roswell, NM,* 17 F.3d 1306, 1315 (10th Cir.1994).*

Relying on an Eighth Circuit case, Richardson contends that the government's *Good* violation requires dismissal of the forfeiture action, with leave to file a new action if the statute of limitations has not run. *See One Parcel of Real Property, Located at 9638 Chicago Heights,* 27 F.3d at 330. The government responds that notwithstanding the illegality of the seizure, the forfeiture complaint should not be dismissed. The government relies on cases from the Ninth and Tenth Circuits holding that the fifth amendment "only requires the exclusion of the illegally seized evidence at trial, with one additional twist: The Government is held responsible for any rents accrued during the illegal seizure." *Real Property Located at 20832 Big Rock Drive, Malibu, CA,* 51 F.3d at 1406 (quotation omitted); *51 Pieces of Real Property, Roswell, NM,* 17 F.3d at 1315-16.[4]

We are not persuaded by the government's argument, which focuses on the admissibility of evidence obtained from an unlawfully seized property. A forfeiture case presents an entirely different issue than a search and seizure case. The issue in a

---

[4]The Second Circuit, in a pre-*Good* case, has similarly held that an unlawful seizure "would only preclude the government from introducing any evidence gained by its improper seizure of the premises." *United States v. Premises and Real Property at 4492 South Livonia Road, Livonia, NY,* 889 F.2d 1258, 1266 (2d Cir.1989).

civil forfeiture case is not the admissibility of evidence under the fourth amendment, but the validity of the government's seizure of real property under the fifth amendment. As the Court noted in *Good,*

> the purpose and effect of the Government's action in the present case go beyond the traditional meaning of search or seizure. Here the Government seized property not to preserve evidence of wrongdoing, but to assert ownership and control over the property itself. Our cases establish that government action of this consequence must comply with [due process].

*Good,* --- U.S. at ----, 114 S.Ct. at 500.

As in *Good,* the government here did not invade the defendant properties to seize evidence for a future prosecution; it seized the properties to acquire ownership. As the Eighth Circuit has explained, "suppression of seized evidence provides no remedy at all when the purpose of the seizure is not to acquire evidence but to assert a possessory interest over the property." *One Parcel of Real Property, Located at 9638 Chicago Heights,* 27 F.3d at 330. Moreover, any remedy short of dismissal would vitiate the purpose of *Good,* as the government could continue the unlawful practice of seizing property without first providing notice or a hearing, just as it could do before *Good.*

Accordingly, we hold that the lack of notice and a hearing prior to issuance of the warrants seizing the properties rendered the warrants "invalid and unconstitutional," and that because the resulting seizure violated Richardson's due process rights, the forfeiture action must be dismissed. *One Parcel of Real Property, Located at 9638 Chicago Heights,* 27 F.3d at 330.[5] If statutory

---

[5]We do not mean to suggest that the additional remedies—i.e., suppressing evidence obtained as a result of the

time constraints permit, however, the government may seek valid seizure warrants after an adversarial *Good* hearing and recommence the forfeiture proceedings. *One Parcel of Real Property, Located at 9638 Chicago Heights,* 27 F.3d at 330.

CONCLUSION

In light of the foregoing, we reverse the judgment of the district court and remand the case for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

unlawful seizure and requiring the government to compensate the claimant for profits he was deprived of during the unlawful seizure—are unavailable where appropriate.