UNITED STATES of America, Plaintiff,

v.

REAL PROPERTY LOCATED AT 3284 BREWSTER DRIVE, KISSIMMEE, FLORIDA, INCLUDING ANY BUILD-INGS, APPURTENANCES, AND IM-PROVEMENTS THEREON, Defendant.

No. 96–1248–CIV–ORL–19.

United States District Court,
M.D. Florida,
Orlando Division.

Dec. 19, 1996.

**ORDER**

GLAZEBROOK, United States Magistrate Judge.

This cause came on for consideration without oral argument on the following motion:

**MOTION: PETITION REQUESTING ISSUANCE OF WARRANT OF ARREST UPON PROBABLE CAUSE SHOWN** [Docket No. 4]

**FILED:** November 22, 1996

**DISPOSITION: GRANTED.**

On November 22, 1996, the United States filed a Verified Complaint for Forfeiture in Rem seeking forfeiture of the property located at 3284 Brewster Drive, Kissimmee, Florida pursuant to 18 U.S.C. § 981(a)(1)(B) (forfeiture of real property in the United States traceable to proceeds of narcotics felony in foreign country). Docket No. 1. The complaint "prays that the usual process for forfeiture *in rem* be issued against the defendant real property." Docket No. 1 at 4. The United States filed notice of *lis pendens* on October 26, 1995, noting the record owners as Alexander Bain Donnelly and Allison Donnelly. Docket No. 3.

Congress has provided that real property traceable to the proceeds of a foreign drug felony is subject to civil forfeiture, and "shall be *seized*" upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by the district court. 18 U.S.C. § 981(b)(2). On November 22, 1996, the United States petitioned for the issuance of a warrant of arrest *in rem* pursuant to Supplemental Rule C(3). Docket No. 4.

The Court has analyzed the petition and proposed warrant of arrest *in rem* to determine whether it provides adequate notice and opportunity for hearing to all known possible owners or claimants. *See United States v. James Daniel Good Real Property,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993); *United States v. 2751 Peyton Woods Trail,* 66 F.3d 1164, 1165 (11th Cir.1995). The Court has determined that notice is adequate. The United States is entitled to the issuance of an arrest warrant *in rem* provid-

ed that the warrant does not authorize the unconstitutional seizure of real property as in *James Daniel Good,* 510 U.S. at 47, 49, 114 S.Ct. at 497–98, 498–99 and *Peyton Woods,* 66 F.3d at 1165. The warrant of arrest *in rem* which the Court now issues expressly avoids seizure pursuant to 18 U.S.C. § 981(b)(2).

■ Real property cannot abscond, so the Court's jurisdiction may be acquired and preserved without a prior seizure. *See James Daniel Good,* 510 U.S. at 57, 114 S.Ct. at 502–03. This is true even though the admiralty law has long considered the seizure of the *res* to be a prerequisite to the initiation of in rem forfeiture proceedings. *Id.* In the case of real property, however, the res may be brought within the reach of the Court simply by posting notice on the property and leaving a copy of the process with the occupant. The rule governing forfeiture proceedings permits process to be executed on real property without physical seizure: "If the character or situation of the property is such that the taking of actual possession is impracticable, the marshal or other person executing the process shall affix a copy thereof to the property in a conspicuous place and leave a copy of the complaint and process with the person having possession or the person's agent." Rule E(4)(b), Supplemental Rules for Certain Admiralty and Maritime Claims.[1]

■ The ex parte seizure of real property is not necessary to accomplish the statutory purpose of 18 U.S.C. § 981. The Government's legitimate interests at the inception of forfeiture proceedings are to ensure that the property not be sold, destroyed, or used for further illegal activity prior to the forfeiture judgment. These legitimate interests can be secured without seizing the subject property. *See James Daniel Good,* 510 U.S. at 58, 114 S.Ct. at 503. Sale of the property can be prevented by filing a notice of lis pendens as authorized by state law when the forfeiture proceedings commence. 28 U.S.C. § 1964.

*Id.* Requiring the government to postpone seizure until after an adversary hearing creates no significant administrative burden. A claimant is already entitled to an adversary hearing before a final judgment of forfeiture. No extra hearing is required in this case— although the warrant permits a claimant to request one by emergency motion—since the government can wait until after the forfeiture judgment to seize the property. *See James Daniel Good,* 510 U.S. at 58, 114 S.Ct. at 503.

■ The warrant of arrest *in rem* signed with this order comports fully with *James Daniel Good.* It orders the release of the property immediately after arrest. It preserves the right to predeprivation notice and a hearing which is central to the Constitution's command of due process. *Fuentes v. Shevin,* 407 U.S. 67, 80–81, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972). It preserves the owners' right to maintain control over their home, and to be free from governmental interference. *See James Daniel Good,* 510 U.S. at 54, 114 S.Ct. at 501. It preserves the owners' valuable rights of ownership, including the right of occupancy, the right to unrestricted use and enjoyment, and the right to receive rents. *See Id.* at 54, 114 S.Ct. at 501. It permits the owners to obtain an expedited hearing to present their claim within thirty days of arrest of the property. The warrant does not permit the government to evict occupants, to modify the property, to condition occupancy, to receive rents, or to supersede the owner in other rights pertaining to the use, possession, and enjoyment of the property. *See James Daniel Good,* 510 U.S. at 54, 114 S.Ct. at 501.

### *WARRANT OF ARREST IN REM*

#### TO: THE UNITED STATES MARSHAL
#### MIDDLE DISTRICT OF FLORIDA

A Verified Complaint for Forfeiture *In Rem* was filed in the Orlando Division of this Court on November 22, 1996, alleging that the real property and premises located at 3284 Brewster Drive, Kissimmee, Florida in-

---

**1.** The United States seeks to acquire *in rem* jurisdiction over the property by giving notice under Rule C of the Supplemental Rules. Rule C(4) provides that "no notice other than the execution of the process is required when the property that is the subject of the action has been released in accordance with Rule E(5)." Under Rule E(5)(c), the Court may order the immediate release of the arrested property after acquiring *in rem* jurisdiction.

cluding any buildings, appurtenances, and improvements thereon, which is more particularly described as:

Lot 77, Quail Ridge, Phase 1, according to the plat thereof as recorded in Plat Book 7, pages 161–162 of the Public Records of Osceola County, Florida.

is real property subject to forfeiture under the provisions of:

a. 18 U.S.C. § 981(a)(1)(B) for the forfeiture real property, within the jurisdiction of the United States constituting, derived from, or traceable to, any proceeds obtained directly or indirectly from an offense against a foreign nation, manufacture, importation, sale, or distribution of a controlled substance, as such term is defined for the purposes of the controlled Substances Act (21 U.S.C. § 801 *et seq.*), within whose jurisdiction such offense is punishable by death or imprisonment for a term exceeding one year and which would be punishable under the laws of the United States by imprisonment for a term exceeding one year if such act or activity constituting the offense against the foreign nation had occurred within the jurisdiction of the United States.

IN ACCORDANCE with Supplemental Rule C for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, you are directed to subject the real property to the jurisdiction of the United States District Court for the Middle District of Florida by posting upon said real property in an open and visible manner in a conspicuous place notice of such process *in rem* at the time thereof, making the subjection of the property to the Court's jurisdiction *in rem* open and notorious. The government may record a lis pendens. The real property is deemed released immediately after arrest.

YOU ARE FURTHER DIRECTED to serve upon the record owner of the defendant real property, as well as upon any person having possession of the real property, copies of the verified Complaint for Forfeiture *In Rem* and this Warrant of Arrest *In Rem* in a manner consistent with the principles of service of process of an action *in rem* under the supplemental Rules for Certain Admiralty and Maritime Claims of the Fed-

eral Rules of Civil Procedure, within a reasonable time of subjection.

A RETURN of this warrant shall be promptly made to the Court identifying the individual(s) upon whom copies were served and the manner employed, and a statement as to the satisfaction of the warrant herein issued.

This is not a seizure warrant. The property is not being seized or taken into custody. Nothing in this Order interferes with the owners' right to maintain control over their property, their right of occupancy, their right to unrestricted use and enjoyment, and their right to receive rents. Nothing in this warrant permits the United States to evict occupants, to modify the property, to condition occupancy, to receive rents, or to supersede the owners in other rights pertaining to the use, possession, and enjoyment of the property. The United States is not responsible for the care and maintenance of the property during the pendency of the forfeiture action absent the issuance of a seizure warrant after notice and hearing.

All persons claiming an interest in the above property shall file their claims within ten days after the posting or service of this Warrant of Arrest *In Rem* whichever occurs first, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and shall serve and file their answers to the Verified Complaint for forfeiture *In Rem* within twenty days after the filing of the claim with the office of the Clerk, United States District Court, 218 United States Courthouse, 80 North Hughey Avenue, Orlando, Florida, 32801, with a copy sent to Assistant United States Attorney Marie L. De Marco, 201 Federal Building, 80 North Hughey Avenue, Orlando, Florida 32801. At any time, a claimant may file an emergency motion for a hearing, which will be heard on short notice within thirty days.

Additional procedures and regulations regarding this forfeiture action are found at Title 19, United States Code, Sections 1602–1619, and Title 21, Code of Federal Regulations, Sections 1316.71–1316.81.