UNITED STATES of America, Plaintiff,

v.

**REAL PROPERTY, INCLUDING ANY BUILDINGS, APPURTENANCES, AND IMPROVEMENTS THEREON, LOCATED AT 31236 ANNA STREET, LAKE MACK, FLORIDA, Defendant.**

No. 98–340–CIV–OC–10C.

United States District Court, M.D. Florida, Ocala Division.

April 5, 1999.

---

## ORDER

CORRIGAN, United States Magistrate Judge.

This is an *in rem* action by the United States to forfeit real property pursuant to 21 U.S.C. § 881(a)(6) and (7). The case is before the Court on the government's Petition Requesting Issuance of Warrant of Arrest Upon Probable Cause Shown (Doc. # 4). On January 26, 1999, the Court entered an Order (Doc. # 9) requiring the government to file a brief "addressing the impact, if any, of the Eleventh Circuit's recent *en banc* decision in *United States v. 408 Peyton Road, etc.*, 162 F.3d 644 (11th Cir.1998), on the government's request for the issuance of the Warrant of Arrest *in Rem*." The government complied. (Doc. # 10). Recently, the government has filed a supplemental response (Doc. # 11) to bring to the Court's attention another recent Eleventh Circuit case, *United States v. Land, Winston County*, 163 F.3d 1295 (11th Cir.1998), which also bears upon this issue. The government is commended for its efforts to apprise the Court of the most recent case law in this still evolving area.

The issue is whether the issuance and execution of the government's proposed "Warrant of Arrest *In Rem*", which seeks to subject the defendant real property to this Court's *in rem* jurisdiction, violates the due process clause because the arrest warrant is to be executed without notice to the owner of the defendant real property and a pre-arrest opportunity to be heard. In *United States v. Land, Winston County*, 163 F.3d 1295 (11th Cir.1998), the Eleventh Circuit, relying upon its recent *en banc* decision in *United States v. 408 Peyton Road*, 162 F.3d 644 (11th Cir.1998), held that the arrest warrant at issue did violate the due process clause because it constituted a " 'meaningful interference with [the owner's] possessory interests' so as to constitute a seizure" of the real property without notice or a prior opportunity to be heard. *Id.* at 1299 (citation omitted). However, the Eleventh Circuit left open the question whether "in every situation an 'arrest warrant' will constitute a cognizable seizure." *Id.* at 1300. Indeed, the arrest warrant in *United States v. Land, Winston County* is more restrictive than the government's proposed arrest warrant here. Nevertheless, it is still uncertain whether the language of the particular Warrant proposed by the government here would pass constitutional muster.

Fortunately, there is an alternative. In *United States v. Real Property Located at 3284 Brewster*, 949 F.Supp. 832 (M.D.Fla. 1996), Magistrate Judge Glazebrook of this Court fashioned his own warrant of arrest *in rem* which he held comported with due process. *Id.* at 834. Though Judge Glazebrook's decision in *3284 Brewster* predates the Eleventh Circuit's *en banc* decision in *408 Peyton Road*, the Eleventh Circuit did cite Judge Glazebrook's opinion with approval in *United States v. Land, Winston County*, 163 F.3d at 1301, n. 9. Therefore, the undersigned will approve the issuance of a warrant of arrest *in rem* which is substantially identical to that approved by Judge Glazebrook. While the Warrant submitted by the government in this case (by the same Assistant United States Attorney as in *3284 Brewster*) is very similar to the warrant approved by Judge Glazebrook, there are several notable differences. For example, the government's proposed warrant in this case does not contain the statement "[t]he real property is deemed released immediately after

arrest" and fails to recite that the arrest warrant does not interfere "with the owners' right to maintain control over their property ..." These are essential features of the warrant approved in *3284 Brewster* and should be included in the warrant here. It is hereby,

**ORDERED:**

1. The Petition of the United States' Requesting Issuance of Warrant of Arrest Upon Probable Cause Shown (Doc. # 4) is **DENIED** without prejudice.[1]

2. Upon submission by the government of a Warrant of Arrest *In Rem* substantially identical to that approved by the Court in *United States v. Real Property Located at 3284 Brewster*, 949 F.Supp. 832 (M.D.Fla.1996), the Court will authorize the Clerk to issue the Warrant.

---

1. There is no issue in this case whether the government has demonstrated adequate probable cause. It clearly has done so through its Verified Complaint for Forfeiture in Rem (Doc. # 1).