**Patrick James JEFFRIES,**
**Petitioner–Appellee,**

v.

**Tana WOOD, Superintendent,**
**Respondent–Appellant.**

No. 95–99003.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 28, 1995.

Decided Jan. 24, 1996.

Robert Mahler, MacDonald, Hoague & Bayless, Seattle, Washington, for petitioner-appellee.

. Paul D. Weisser, Assistant Attorney General, Olympia, Washington, for respondent-appellant.

Before: GOODWIN, FARRIS and FERNANDEZ, Circuit Judges.

## OPINION

GOODWIN, Circuit Judge:

The State of Washington, in the name of its chief prison official, appeals the judgment which, after a remand from this court, granted Patrick James Jeffries' petition for a writ of habeas corpus. In 1983, Jeffries was convicted in Clallam County Superior Court and sentenced to death on two counts of aggravated first-degree murder.

The Washington Supreme Court affirmed Jeffries' conviction and sentence on direct appeal. *State v. Jeffries*, 105 Wash.2d 398, 717 P.2d 722), *cert. denied*, 479 U.S. 922, 107 S.Ct. 328, 93 L.Ed.2d 301 (1986). Jeffries filed three personal restraint petitions in state court, all of which the Washington Supreme Court denied. *In re Jeffries*, 722 P.2d 99 (1986); *In re Jeffries*, 110 Wash.2d 326, 752 P.2d 1338, *cert. denied*, 488 U.S. 948, 109 S.Ct. 379, 102 L.Ed.2d 368 (1988); *In re Jeffries*, 114 Wash.2d 485, 789 P.2d 731 (1990).

Two years after Jeffries was sentenced, two jurors filed affidavits, describing a juror's misconduct. (A juror, during a recess while the trial was in progress, had, indeed, told one or more fellow jurors that Jeffries was an ex-convict, on parole, for a prior robbery, at the time he was accused of robbing and murdering the victims).

The federal habeas corpus proceedings began in 1990, alleging, *inter alia*, the juror misconduct. See *Jeffries v. Blodgett*, 771 F.Supp. 1520 (W.D.Wash.1991). In assessing whether the alleged juror misconduct deprived Jeffries of a fair trial, the district court conscientiously followed the teaching of *Bayramoglu v. Estelle*, 806 F.2d 880, 887 (9th Cir.1986). The district court concluded that even if the alleged juror misconduct had occurred, it did not affect the verdict. *Jeffries*, 771 F.Supp. at 1538–39.

We affirmed the district court's resolution of all of the issues on the first appeal to this court, including the juror misconduct question. See *Jeffries v. Blodgett*, 974 F.2d 1179 (9th Cir.1992). However, on Jeffries' petition for rehearing, we withdrew the opinion reported at 974 F.2d 1179, vacated the judgment which had denied the writ, and remanded for a decision on the question of fact whether juror misconduct as discussed in the opinion had actually occurred. See order and opinion in *Jeffries v. Blodgett*, 988 F.2d 923 (9th Cir.1993), and Dissent by Judge Fernandez, *id.* at 941. That opinion was then amended by *Jeffries v. Blodgett*, 5 F.3d 1180 (9th Cir.1993), Judge Fernandez concurring and dissenting, *Id.* at 1198, after denial of a petition for rehearing and rejection of rehearing en banc.

During our consideration of the petitions for rehearing, we became aware of a possible conflict between our September 9, 1992, opinion and *Dickson v. Sullivan*, 849 F.2d 403 (9th Cir.1988), which did not appear to have been briefed or argued in this case before the district court. Nor was *Dickson* mentioned in our first opinion affirming the denial of the writ. However, *Dickson* came to dominate our consideration of the Jeffries petition for rehearing, and later, of the state's petition for rehearing.

*Dickson* is, obviously, an important case on jury verdicts tainted by improper communications with a jury by officers of the court. *Dickson*, coincidentally, is a direct descendant of *Parker v. Gladden*, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420, (1966), which reversed the Oregon Supreme Court (opinion reported at 245 Or. 426, 407 P.2d 246 (1965)), which had treated the statements of a garru-

lous bailiff to one or more jurors as harmless error. *Dickson,* having originated in Oregon and sharing some facts with *Parker v. Gladden,* supra, with reference to jury contamination by officers of the court (deputy sheriffs) communicating with jurors, was taken very seriously by the panel considering Jeffries' petition for rehearing. The author of this opinion had participated in the state court decision in *Parker v. Gladden,* and was once again being taken to task for treating as harmless error jury contamination by information external to the testimonial record.

For whatever reason, intensive advocacy, judicial speed reading, or an older appellate judge reacting to scholarly criticism long after the *Parker* reversal when he was younger, or all of the above, the author of our opinion affirming the denial of the writ proceeded to argue to his colleagues that perhaps we had been wrong, and that we should grant Jeffries' petition for rehearing. See *Jeffries,* 5 F.3d at 1191 (obscuring the difference between the *Dickson* contamination by officers of the court, and internal contamination within the jury itself by the misconduct of a juror).

On remand, the district court, in a carefully considered review of the record and juror affidavits, restated its earlier finding that the juror misconduct had been harmless on the whole record of the case. The juror's breach of the general instruction to consider only the evidence presented in the trial did not announce any information that had not been common knowledge in the venue. All the jurors had promised to put out of their minds any information they had learned from the news media or from friends and neighbors, and to decide the case only on the evidence. One juror broke the rule. The district court treated this inherent weakness in the jury system as harmless in this case, but held, however, under the compulsion of our dictum in the opinion remanding the case [1], that the writ was to be granted.

The state, as noted, now has appealed, asserting that our remand decision was based upon an incorrect application of the law, and to the extent it compelled the dis-

trict court to grant the writ, it was wrong. The appeal urges this court now to correct its error, and to vacate the judgment granting the writ. Jeffries argues that we were right when we granted his petition for rehearing and remanded the case, and that the doctrine of the law of the case precludes reexamination of the juror misconduct issue on the state's appeal from the district court's granting of the writ under compulsion of our opinion in *Jeffries v. Blodgett,* 5 F.3d 1180, supra.

*The Law of the Case*

When a court changes its mind during trial, appeal, or consideration of a petition for rehearing, the more common proceedings in which a court may change the course of the litigation, the question of "law of the case" immediately comes to mind. This salutary doctrine guides, but does not necessarily handcuff, judicial discretion. As Justice Holmes noted in *Messinger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912), "[I]n the absence of statute the phrase, 'law of the case', as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power."

█ "Thus the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice." *Leslie Salt Co. v. United States,* 55 F.3d 1388, 1393 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 407, 133 L.Ed.2d 325 (1995); *see also Hegler v. Borg,* 50 F.3d 1472, 1475 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 675, 133 L.Ed.2d 524 (1995); *Herrington v. County of Sonoma,* 12 F.3d 901, 904 (9th Cir.1993); *Thomas v. Bible,* 983 F.2d 152, 155 (9th Cir.), *cert. denied,* 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993); *Merritt v. Mackey,* 932 F.2d 1317, 1320 (9th Cir.1991); *Adamian v. Lombardi,* 608 F.2d

---

[1]. See *Jeffries,* 5 F.3d at 1191 (suggesting, in its direction to the district court on remand, that if the alleged misconduct did occur the petition must be granted).

1224, 1228 (9th Cir.1979), *cert. denied,* 446 U.S. 938, 100 S.Ct. 2158, 64 L.Ed.2d 791 (1980).

We agree with the state's appeal, and that Judge Fernandez was right in his dissent. See *Jeffries v. Blodgett,* 988 F.2d at 941 (Fernandez, J. dissenting). The doctrine of the law of the case does not relieve us of the duty to correct our own manifest error in telling the district court that *Dickson v. Sullivan* required "the same result" in this case. Our prior decision was "clearly erroneous and would work a manifest injustice." *Leslie Salt,* 55 F.3d at 1393.

### Dickson v. Sullivan Distinguished

In our application of *Dickson v. Sullivan* to the petition for rehearing, we read that case too broadly. We failed to discern the significant difference between external contamination of a jury by officers of the court (*Dickson*) and internal misconduct by a fellow juror, who remembered from the past facts that had not been part of the evidence, and mentioned them to the other jurors. That was our mistake, and we admit it. Now, with that unflattering display of our prior handling of this unhappy case, we must decide the state's appeal. The case has again been briefed and argued. We have again gone over the pertinent parts of the record. As Baron Bramwell put it some years ago: "The matter does not appear to me now as it appears to have appeared to me then." *Andrews v. Styrap,* 26 L.T.R. (N.S.) 704, 706 (Ex. 1872).

We are satisfied that a principled ground exists for distinguishing the *Parker v. Gladden–Dickson v. Sullivan* line of cases, where habeas relief was granted because of a presumption of prejudice caused by officers of the court communicating their views to jurors, from irregular jury conduct cases, such as *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

In *Olano,* the government appealed a reversal by this court in a federal case dealing with alternate jurors being present during deliberation, a situation in which prejudice is not presumed, but must be established. Similarly, affidavits revealing the prohibited conversations of jurors among themselves during a trial do not create a presumption of prejudice. In such cases, the inquiry should be whether the juror misconduct had a "substantial and injurious effect or influence in determining the jury's verdict." See, *e.g., O'Neal v. McAninch,* —— U.S. ——, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995); *Brecht v. Abrahamson,* 507 U.S. 619, 630–32, 113 S.Ct. 1710, 1718, 123 L.Ed.2d 353 (1993).

In the case at bar, the district judge had no doubt at all, much less a "grave doubt" that the misconduct of the juror was harmless when measured by the *Brecht v. Abrahamson* standard.

With delayed but sincere apology to the district judge for whom we have not made work on this case easy, we respectfully vacate the judgment appealed from by the state and remand to the district court for the entry of judgment denying the petition.

**REVERSED** and **REMANDED.**