UNITED STATES of America, Plaintiff,

v.

**REAL PROPERTY LOCATED AT INCLINE VILLAGE et al., Defendants.**

No. CV-N-90-0130-ECR.

United States District Court,
D. Nevada.

Jan. 30, 1997.

---

484

Harry A. Harbin, Assistant Chief, and Mark D. Rubino, Trial Attorney, U.S. Department of Justice, Criminal Division, Asset

Forfeiture and Money Laundering Section, for plaintiff United States of America.

Lawrence S. Robbins, Alan E. Untereiner, and Robert L. Bronston, Mayer, Brown and Platt, Washington, DC, for claimant Brian J. Degen.

### ORDER

EDWARD C. REED, Jr., District Judge.

Introduction

This civil forfeiture action against certain property of Claimant Brian Degen is before the court on remand from the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit. Briefly, the history of this matter is as follows: On October 24, 1989 this court unsealed both an indictment charging Claimant Degen with numerous federal narcotics and money-laundering offenses, and a forfeiture complaint *in rem* against some five million dollars' worth of property, some real and some personal, owned by Claimant in California, Nevada, and Hawai'i. The forfeiture complaint alleged that the property had been either purchased with the proceeds of Degen's illicit narcotics business, or had been used to facilitate illegal sales of narcotics. Degen, however, who is a citizen both of the United States and of the Swiss Republic, had fled to Switzerland in 1988. He has never returned to this country to defend against the criminal charges; there is apparently no treaty between the United States and Switzerland requiring Degen's extradition.

Nevertheless, Degen did file defensive pleadings in the civil forfeiture action. This court refused to permit Degen to pursue his claims to the defendant property in the civil forfeiture action. The court ruled that he was barred from contesting the forfeiture under the "fugitive disentitlement" doctrine, and therefore granted both the government's motion to strike the defensive papers Degen had filed in the forfeiture action, and the government's motion for summary judgment on Brian Degen's claims to the property. *United States v. Real Property Located at Incline Village,* 755 F.Supp. 308 (D.Nev. 1990). Karyn Degen, Brian's wife, was permitted to litigate *her* claims to the property; eventually this court entered judgment against her, and vesting title to the subject property in the United States.

The court's judgment was affirmed by the Court of Appeals, *United States v. Real Property Located at Incline Village,* 47 F.3d 1511 (9th Cir.1995), but reversed by the Supreme Court. *Degen v. United States,* —— U.S. ——, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996). Writing for a unanimous Court, Mr. Justice Kennedy found error in this court's application of the fugitive disentitlement doctrine to Brian Degen's claims. The Court reversed the judgment of the Court of Appeals and ordered the matter remanded so that Degen might be afforded the opportunity to litigate his claims to the property in the *in rem* forfeiture action. *Degen,* —— U.S. at —————, 116 S.Ct. at 1782–83. On July 1, 1996, The Court of Appeals remanded the matter to this court for further proceedings consistent with the decision of the Supreme Court. *United States v. Real Property Located at Incline Village,* 87 F.3d 400 (9th Cir.1996).

The motion presently submitted for decision is a motion (Doc. # 135) by Claimant Degen for return of rents and other proceeds derived from the property seized by the United States in 1989. The government has filed its brief (Doc. # 139) in opposition to Claimant's motion, and Claimant has replied (Doc. # 141)

Degen seeks to recover any and all rents and other proceeds derived from the property seized by the government from him in 1989. He claims the seizure was effected in violation of his federal constitutional right to due process of law, and that therefore he should be entitled to any income produced by the seized property in the interim, *see United States v. James Daniel Good Real Property,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). In addition, Degen requests that the court dismiss the forfeiture complaint, and further seeks an order excluding from admission in this or any other forfeiture action regarding the defendant property all evidence acquired by the government in the course of seizing the property.

Resolution of the pending motion first requires some inquiry into the mecha-

nism by which Claimant Degen has sought relief from an unconstitutional seizure of his real property. In *United States v. James Daniel Good Real Property,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), the Supreme Court for the first time in the history of *in rem* civil forfeiture declared that the Due Process Clause of the Fifth Amendment to the Constitution of the United States requires the government to afford the owner of real property notice and a meaningful opportunity to be heard before it seizes the property. The Court of Appeals for the Ninth Circuit has interpreted *Good* as establishing such an owner's right to a remedy for an unconstitutional seizure; under *United States v. Real Property Located at 20832 Big Rock Drive,* 51 F.3d 1402, 1406 (9th Cir. 1995), that remedy is the exclusion of evidence derived from the illegal seizure and the return of rents accrued in the interim.

Neither the Supreme Court nor the Ninth Circuit has indicated by what precise procedure a forfeiture claimant who is the victim of an unconstitutional seizure of realty should attempt to obtain relief under *Good. See Good,* 510 U.S. at 61–63, 114 S.Ct. at 505 (finding that *ex parte* seizure of realty in connection with *in rem* civil forfeiture "violated due process," without suggesting appropriate remedy); *United States v. Real Property Located in El Dorado, California,* 59 F.3d 974, 981 (9th Cir.1995) (instructing district court on remand to "make a determination of the appropriate monetary or other relief, if any, for loss of use and enjoyment to which [the claimant] is entitled for the illegal seizure of h[er] property"); *Big Rock Drive,* 51 F.3d at 1406 & n. 3 (ruling that Fifth Amendment requires exclusion of illegally seized evidence and holding the government "responsible for any rents accrued during the illegal seizure"); *United States v. James Daniel Good Property,* 971 F.2d 1376, 1384 (9th Cir.1992) (refusing to dismiss complaint but ruling *Good* claimant was "entitled to the rents accrued on his home after seizure"), *rev'd in part on other grounds,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993).

■ In the present matter, it does not appear to the court inappropriate for Claimant Degen to have articulated his claim to relief under *Good* by way of motion. The Courts of Appeals which have resolved *Good* claims have all done so in this manner. *See, e.g., United States v. One Parcel of Real Property Located at 9638 Chicago Heights,* 27 F.3d 327, 330 (8th Cir.1994) (ruling proper remedy for *Good* violation is dismissal of *in rem* forfeiture complaint, and implying propriety of seeking such relief by motion); *United States v. Premises and Real Property at 4492 South Livonia Road,* 889 F.2d 1258, 1265–66 (2d Cir.1989) (denying claimant's motion to dismiss under Fed.R.Civ.P. 12(b)(6), and denying claimant's motion for return of property under Fed.R.Crim.P. 41(e), despite finding seizure to have been unconstitutional, on ground that only remedy available for *Good* violation is suppression of evidence acquired via the unlawful seizure, and the government offered no such evidence).

■ Generally, procedure in civil *in rem* forfeiture actions is governed by the Federal Rules of Civil Procedure to the extent consistent with the Supplemental Rules for Certain Admiralty and Maritime Claims, and otherwise by the Supplemental Rules themselves. *See* 18 U.S.C. § 981(b)(2); 21 U.S.C. § 881(b); *United States v. One 1978 Piper Cherokee Aircraft,* 37 F.3d 489, 493 (9th Cir. 1994). Fortunately the Admiralty Rules set out the procedure whereby the owner of seized property may contest the seizure:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff [in *in rem* civil forfeiture, the United States] shall be required to show cause why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

Fed.R.Civ.P.Supp.R. E(4)(f).

According to the Advisory Committee Notes, Rule E(4)(f) was expressly "designed to satisfy the constitutional requirement of due process by guaranteeing to the shipowner a prompt post-seizure hearing at which [s]he can attack the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings." Fed.R.Civ.P. Supp. R. E(4)(f) advisory committee note to 1985 amend. Moreover, a motion under this

rule may be made via "an oral or written application similar to that used in seeking a temporary restraining order." *Ibid.*

The Rule E(4)(f) hearing thus appears to constitute an appropriate vehicle for resolving a *Good* claim in the context of an ongoing forfeiture action; the rule permits the claimant to apply for relief either orally or in writing. In a proceeding under the Rule the government might, for example, make its showing of exigent circumstances justifying *ex parte* seizure, *see Good,* 510 U.S. at 51–63, 114 S.Ct. at 500–05, and the claimant may seek dismissal, *see El Dorado,* 59 F.3d at 981 n. 5, or "other relief," i.e. return of rents, *see Big Rock Drive, supra.* The court therefore treats Claimant Brian Degen's motion (Doc. # 135) for return of rents as one for release from arrest under Fed.R.Civ.P.Supp.R. E(4)(f).

## I. Res Judicata and the Law of the Case Doctrine

The government seeks to bar Degen from defending against the forfeiture. It argues (1) that Karyn Degen pursued her own claims to the property to final judgment, (2) that Karyn Degen could have raised a *Good* due process claim, but did not do so, and (3) that Brian and Karyn Degen were and are parties in privity with each other for the purpose of resisting the government's attempt to have the property declared forfeit. Therefore, says the United States, Brian Degen is barred by the rule of *res judicata* from seeking, let alone obtaining, any relief in this matter.

Degen counters with the arguments (1) that the government advanced its *res judicata* argument in the Supreme Court, in an attempt to obtain an affirmance of the judgment of the Court of Appeals despite the possibility of reversal on the fugitive disentitlement question, (2) that he addressed the government's *res judicata* argument in his reply brief to the Court, and (3) that the Court's instruction that he be permitted to present a defense on remand implies a rejection by the Court of the *res judicata* argument. Degen insists that this implicit rejection constitutes the law of the case, to which this court must adhere in all proceedings on remand.

■■ The "law of the case" doctrine precludes a court from reconsidering an issue already decided by the same court or by a superior court in the identical action. *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir.), *cert. denied,* 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993). The doctrine is a discretionary principle designed to ensure judicial consistency and to prevent the reconsideration, during the course of a single continuous lawsuit, of those decisions which are intended to put a particular matter to rest. *Pit River Home and Agric. Coop. Ass'n v. United States,* 30 F.3d 1088, 1097 (9th Cir.1994). Under the law of the case doctrine, a previous decision on a factual or legal issue must be followed in all subsequent proceedings in the trial court or on a later appeal in the appellate court, unless the court is presented with substantially additional or different evidence, controlling authority has since made a contrary decision of the law applicable to the particular issue, or the prior decision was clearly erroneous and would work a manifest injustice. *In re Benny,* 81 F.3d 91, 94 (9th Cir.1996); *United States v. Garcia,* 77 F.3d 274, 276 (9th Cir.1996); *Hegler v. Borg,* 50 F.3d 1472, 1475 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 675, 133 L.Ed.2d 524 (1995); *Pit River, supra,* at 1096–97.

■■ The doctrine "guides, but does not necessarily handcuff, judicial discretion." *Jeffries v. Wood,* 75 F.3d 491, 493 (9th Cir.), *reh'g en banc granted,* 83 F.3d 1142 (9th Cir.1996), *and on reh'g en banc,* 103 F.3d 827 (9th Cir.1996). The doctrine is not a rule of substantive law, but a rule of practice designed to protect both the court and the litigants before it from repeated reargument of issues already decided. 18 Charles Alan Wright et al., *Federal Practice and Procedure* § 4478, at 790 (1981) (quoting *Messinger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912)).

■■ The law of the case doctrine applies to issues decided explicitly or by necessary implication in the court's prior ruling. *Leslie Salt Co. v. United States,* 55 F.3d 1388, 1393 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 407, 133 L.Ed.2d 325 (1995); 1B James W. Moore & Jo Desha Lucas,

*Moore's Federal Practice* ¶ 0.404[10], at II–68 (1996). Even "summary" treatment of a legal or factual issue becomes the law of the case. *Leslie Salt*, 55 F.3d at 1392 (citing *Alliance for Cannabis Therapeutics v. DEA*, 15 F.3d 1131, 1135 (D.C.Cir.1994)). The Court of Appeals for this judicial Circuit has adhered to the law of the case even where a prior ruling was "cryptic and somewhat ambiguous." *Hanna Boys Ctr. v. Miller*, 853 F.2d 682, 687 (9th Cir.1988). Whether a previous proceeding's ruling becomes the law of the case "turns on whether a court previously decided upon a rule of law ... not on whether, or how well, it explained the decision." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988).

 Claimant has the better of the argument. The government presented its *res judicata* argument to the United States Supreme Court. The Court's decision plainly indicates its desire that Brian Degen have his day in court. The Court (in addressing the government's argument that disentitling a fugitive from criminal justice from contesting a civil forfeiture action prevents the abuse by a person accused of a crime of the more liberal discovery available in civil actions) recognized that "[c]onsideration of some of Degen's defenses, such as the statute of limitations, appears to require little discovery. If they have merit, the Government should not prevail. If they are groundless, the Government's interests will not be compromised by their consideration." *Degen*, —— U.S. at ————, 116 S.Ct. at 1782–83.

It is indisputable that in the present matter the parties briefed the *res judicata* question to the Supreme Court. Had the Court agreed with the government's argument that the district court's judgment against Karyn Degen should operate as a bar to Brian Degen's claims to the property, the Court's instruction that Degen's defenses to the forfeiture action must be considered on remand would be absurd. This court is bound by the mandates of the Supreme Court and the Court of Appeals. *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414 (1895). The Supreme Court implicitly rejected the government's *res judicata* argu-

ment; that rejection is now the law of this case and this court may not revisit the argument on remand. *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.) (concluding that appellate court's denial of attorney's fees to prevailing civil rights defendant on ground that claim was not frivolous necessarily implied finding that claim was non-frivolous for purposes of summary judgment), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 661 (1993); *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir.1990) (concluding that remand order requiring trial court to consider party's defenses necessarily implied ruling that party was properly substituted for another party, and that therefore implicit ruling that party was properly substituted was law of the case on remand); *Knotts v. United States*, 893 F.2d 758, 761 (5th Cir.1990) (ruling mandate instructing consideration of party's proportional fault necessarily implied rejection of that party's immunity argument, which was briefed and argued on appeal, though not addressed specifically in remand order); *Smith Int'l, Inc. v. Hughes Tool Co.*, 759 F.2d 1572, 1577 (Fed.Cir.) (finding in prior appellate panel's ruling that challenged patent was valid an implied rejection of every argument against validity advanced by challenger, and therefore ruling that validity was law of case), *cert. denied*, 474 U.S. 827, 106 S.Ct. 87, 88 L.Ed.2d 71 (1985). Under the law of the case as established by the Supreme Court, then, Brian Degen is not precluded by the principle *res judicata* from presenting his claims in the instant *in rem* forfeiture action.

## II. Fifth Amendment Violation

 The government does not, indeed, cannot, dispute Brian Degen's claim that the government caused his property to be seized without first affording him notice or an opportunity to be heard. Under *James Daniel Good*, seizure of real property under 21 U.S.C. § 881(a)(7) violates the owner's federal constitutional right not to be deprived of property without due process of law unless either (1) the owner is first given notice and a meaningful opportunity to be heard or (2) the existence of exigent circumstances justifies postponement of the notice and hearing until after the seizure is effected. 510 U.S.

at 61–63, 114 S.Ct. at 505. In the present matter, Brian Degen was given no pre-seizure notice or hearing, and the government made no showing of exigent circumstances sufficient to justify dispensing with the notice and hearing which, under *Good*, are constitutionally required. The Ninth Circuit has already determined that the rule of *Good* shall apply retroactively to seizures effected prior to the date *Good* was decided. *United States v. Real Property Located at 20832 Big Rock Drive*, 51 F.3d 1402, 1405–06 (9th Cir.1995).

The government's 1989 seizure of Brian Degen's real property therefore worked a violation of his Due Process rights to pre-seizure notice and a hearing. In fact, the Court of Appeals has already so found. *United States v. Real Property Located at Incline Village*, 47 F.3d 1511, 1518 n. 2 (9th Cir.1995) (recognizing that retroactive application of the rule of *Good* would, were it not for the fugitive disentitlement doctrine, have rendered the seizure of Degen's realty unconstitutional), *rev'd on other grounds sub nom. Degen v. United States*, — U.S. —, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996), *and remanded to district court*, 87 F.3d 400 (9th Cir.1996).

### III. Appropriate Remedy

The court is thus faced with a clear constitutional violation. Less clear is the nature of the appropriate remedy. Brian Degen insists he is entitled to (1) all rents accrued on the subject property since the date of the seizure, (2) the suppression of any evidence obtained via the illegal seizure, and (3) an order dismissing the entire forfeiture action without prejudice. The government, for its part, appears to argue, assuming Degen should be permitted to pursue his claims at all, and further assuming his right to recover, that Degen is entitled to recover only nominal damages, rather than actual lost rents; the government also argues that dismissal of the forfeiture complaint is not an appropriate remedy for a *Good* violation. The government insists that it is now the "law of the case" that the seized realty was purchased with the profits of illegal drug sales.

It is true that this court entered judgment against Karyn Degen on her claims to the seized property; that judgment rested on the court's determination that the property was forfeitable as fruits of Brian Degen's crimes. But Mr. Degen was prohibited from appearing in that action; it is for this precise reason that the Supreme Court reversed with instructions that Degen be permitted to mount a defense to the forfeiture action. And this court has already determined that the Supreme Court at least implicitly rejected the government's argument that the judgment against Karyn Degen is *res judicata* to any claims Brian Degen may wish to prosecute, now, on remand.

And even were this court's previous finding that the subject realty was purchased with drug proceeds the law of the case, such a finding has no relevance to the question of Degen's right to a remedy under *Good*. The government argues that because the defendant properties were acquired with the proceeds of illegal narcotics trafficking, any rents derived from these properties are also forfeitable, and that therefore Brian Degen "has no legal right to possess such rents or demand their return."

The government is just plain wrong. Whether or not Degen's property is ultimately declared forfeit, he is entitled to due process at every stage of the proceedings, and "fair proceedings are not confined to the innocent. The question ... is the legality of the seizure, not the strength of the Government's case." *Good*, 510 U.S. at 62, 114 S.Ct. at 505 (*quoted in United States v. Real Property Located in El Dorado, California*, 59 F.3d 974, 981 (9th Cir.1995)). The right to recover rents under *Good* depends not on whether the owner of the defendant properties acquired them with illicit earnings, but only on the legitimacy of the process employed by the government in seizing the property in the first place. Just as the admission of evidence in a federal criminal prosecution is constrained by the Fourth Amendment without regard to the guilt or innocence of the accused, so too the validity of a seizure in a civil *in rem* forfeiture action is measured under the Fifth Amendment's Due Process Clause without regard to the source of the funds used to purchase the property. *Good, id.* at 61–63, 114 S.Ct. at 505.

■ Following the Supreme Court's decision in *Good,* the Court of Appeals for the Ninth Circuit examined the remedial approaches to *Good* violations taken by other federal courts of appeals. In *United States v. Real Property Located at 20832 Big Rock Drive,* 51 F.3d 1402 (9th Cir.1995), the court noted the Eighth Circuit's determination that the appropriate remedy was dismissal without prejudice, *see United States v. One Parcel of Real Property Located at 9638 Chicago Heights,* 27 F.3d 327, 330 (8th Cir.1994), as well as the Second Circuit's ruling that the only remedy for a *Good* violation should be the suppression of evidence obtained via the unconstitutional seizure, *see United States v. Premises and Real Property at 4492 South Livonia Road,* 889 F.2d 1258, 1265–66 (2d Cir.1989). The *Big Rock Drive* panel concluded that in the Ninth Circuit, a claimant who proves that her property has, under Good, been seized in violation of her Fifth Amendment Due Process rights, shall be entitled (1) to the exclusion from the forfeiture trial of evidence obtained through the illegal seizure, and (2) to the return by the government of "any rents accrued during the illegal seizure." *Big Rock Drive,* 51 F.3d at 1406.[1]

Subsequently, the Ninth Circuit recognized that in future forfeitures, "a defendant will ordinarily raise the constitutionality of a preforfeiture seizure at the outset of the civil forfeiture case. At that stage, the district court may consider dismissal of the United States' complaint, without prejudice, an appropriate remedy." *United States v. Real Property Located in El Dorado, California,* 59 F.3d 974, 981 n. 5 (9th Cir.1995) (citing *United States v. One Parcel of Real Property Located at 9638 Chicago Heights,* 27 F.3d 327, 329 (8th Cir.1994)).

This is, in fact, the stage this litigation has reached: The decision of the Supreme Court reversing this court's judgment, and that of the Court of Appeals, has sent this matter back in time to the stage at which Brian Degen has, now, for the first time, an opportunity to contest the forfeiture. Because *James Daniel Good* applies retroactively, it is as though the government began its *in rem* civil forfeiture action against Degen's property at a point in time where the Constitution required pre-seizure notice and hearing. And because the Supreme Court's order in *Degen* now requires this court to permit Brian Degen to pursue his claims to the property named in the forfeiture complaint, it is as though the complaint were newly filed, and Brian Degen before the court for the first time with his *Good* claim.

In this Circuit, then, if in an *in rem* civil forfeiture action the government effects a preforfeiture seizure of realty without first providing the owner notice and a meaningful opportunity to be heard, the owner is entitled to recover from the government all rents accrued in the interim, *United States v. James Daniel Good Property,* 971 F.2d 1376 (9th Cir.1992), *rev'd in part on other grounds,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), and to an order suppressing any evidence obtained through such a seizure, *United States v. Real Property Located at 20832 Big Rock Drive,* 51 F.3d 1402, 1406 (9th Cir.1995). In addition, under *El Dorado,* it may be appropriate to dismiss a forfeiture action initiated by an invalid seizure. 59 F.3d at 981 n. 5.

The government complains repeatedly that the Court of Appeals in *James Daniel Good* approved the return-of-rents remedy "without analysis, explanation, or citation of authority justifying this remedy." The government argues (without citation of legal authority) that the decision of the Ninth Circuit approving the return-of-rents remedy for a *Good* violation "does not stand as precedent entitled to *stare decisis* effect.... The Ninth Circuit panel ... failed to consider the propriety of the return-of-rents remedy against other Supreme Court decisions holding that a much more limited remedy is appropriate. Hence, this court is not bound to apply that remedy in this case." Likewise, the government quarrels with the

---

1. The rents to be returned to the claimant are measured from the date of the illegal seizure through the date on which the seizure *would* have been constitutionally valid, i.e. the date on which, after the claimant has been afforded notice and a meaningful opportunity to be heard, judgment was entered vesting title to the property in the United States. *United States v. Real Property Located in El Dorado, California,* 59 F.3d 974, 981 n. 5 (9th Cir.1995).

holding of the *El Dorado* panel requiring a district court faced with an unconstitutional seizure of realty in an *in rem* civil forfeiture action "to make a determination of the appropriate monetary or other relief, if any, for loss of use and enjoyment to which [the claimant/owner] is entitled for the illegal seizure of h[er] property." *El Dorado*, 59 F.3d at 981.

■ The government labors under the misapprehension that this court is empowered to disregard the law as announced by the Court of Appeals. This court enjoys no discretion to disregard the authoritative pronouncements of a superior court, but must apply the law as written, even if it is wrong, foolish, or poorly written. *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir.1987); *Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir.1981), *cert. denied*, 459 U.S. 828, 103 S.Ct. 63, 74 L.Ed.2d 65 (1982). The rulings of the Ninth Circuit in *El Dorado* and *Big Rock Drive*, and in *James Daniel Good* to the extent not overruled by the Supreme Court, are the law, whether the government likes it or not, until overruled by a subsequent *en banc* panel of the Ninth Circuit, by the United States Supreme Court, or by constitutional amendment. *See, e.g., Allegheny Gen. Hosp. v. NLRB*, 608 F.2d 965, 969–70 (3d Cir.1979) (noting *stare decisis* principle whereby "precedents set by the higher courts . . . are conclusive on the lower courts, and leave to the latter no scope for independent judgment or discretion") (quoting Henry Campbell Black, *Law of Judicial Precedents* 10 (1912)); 1B James W. Moore & Jo Desha Lucas, *Moore's Federal Practice* ¶ 0.402[1], at I–11 to I–12 (1996).

■ Clearly, there has been a constitutional violation, albeit one created purely by retroactive application of a new rule of constitutional law. Brian Degen should have, but was not, been given notice and a meaningful opportunity to be heard before the government seized his real estate. Just as clearly, the remedy for this violation consists of (1) the return of rents collected by the government for the subject realty during the seizure period and (2) the exclusion from

evidence in the forfeiture trial of any and all evidence obtained by the government through the unlawful seizure. *United States v. Real Property Located at 20832 Big Rock Drive*, 51 F.3d 1402, 1406 (9th Cir.1995).

The government advances two arguments with respect to the return-of-rents remedy. First, the United States argues, Brian Degen is entitled to recover, if anything, only nominal damages. This contention is untenable in the face of the Ninth Circuit's rulings in *El Dorado* and *Big Rock Drive, supra*. The government next maintains that even if Degen is entitled to recover lost rents, his recovery should be not gross rents, but the net rents collected by the government. Here the court agrees: Had there been no seizure, certain expenses connected to the maintenance of the subject property would have been borne by Degen himself, and paid from the gross rents he would have collected. An order restoring gross rents would result in a windfall for Degen. He is entitled to recover the net property income lost through the seizing of his property, not to some larger sum which is not discounted for the expense of owning and renting out property.

Next, the government maintains that to the extent the court finds Degen to be entitled to the return of rents, the court should determine the extent of his ownership interests in the subject property. The government points out that if Karyn Degen, Brian Degen's wife, is part owner of any of the subject realty, then Brian Degen's return-of-rents recovery must be based upon his proportional share of ownership. Again, the court agrees. If, absent any seizure, Karyn Degen would have been entitled, as partial owner, to collect part of the rent, then that amount was never money to which Brian Degen would have ever have been entitled. Brian Degen may recover only that portion of the lost rents to which his ownership interest would otherwise entitle him. If, for example, the government can show that Karyn Degen was one-half owner of the property, then Brian Degen should, under *Good*, recover one-half the lost rents.[2]

---

2. The previous Order of the court (Doc. # 102) filed June 24, 1993, granting summary judgment

in favor of the United States and against Claimant Karyn Degen, and the Judgment (Doc. # 105)

In addition, the government chafes against the part of the ruling of the Ninth Circuit in *El Dorado* which indicates that one proper remedy for a *Good* violation is dismissal of the civil *in rem* forfeiture complaint. As noted *supra*, the *El Dorado* panel held that when in a civil *in rem* forfeiture action the claimant's property is seized in violation of her Due Process rights, "the district court should make a determination of the appropriate monetary or other relief, if any, for loss of use and enjoyment to which [the owner] is entitled for the illegal seizure of h[er] property." 59 F.3d at 981. In a footnote, the court continued,

> In the future, a defendant [i.e. the claimant in an *in rem* forfeiture action] will ordinarily raise the constitutionality of a pre-forfeiture seizure at the outset of the civil forfeiture case. At that stage, the district court may consider dismissal of the United States' complaint, without prejudice, an appropriate remedy.

*United States v. Real Property Located in El Dorado, California,* 59 F.3d 974, 981 n. 5 (9th Cir.1995) (citing *United States v. One Parcel of Real Property Located at 9638 Chicago Heights,* 27 F.3d 327, 329 (8th Cir.1994)). This footnote is the only indication that the Ninth Circuit approves the dismissal of a forfeiture complaint as a remedy for a *Good* violation. As noted above, the prior Ninth Circuit panel faced with a *Good* violation concluded only that the claimant would be entitled to the return of rents and to suppression of evidence gathered pursuant to the illegal seizure. *United States v. Real Property Located at 20832 Big Rock Drive,* 51 F.3d 1402 (9th Cir.1995).

■ The government argues that the discussion of dismissal in the *El Dorado* footnote is *obiter dicta.* The court agrees. The court appended the footnote to its holding, and the body of the opinion to which the footnote refers plainly indicates the availability of non-monetary relief to *Good* claimants. But the *El Dorado* court did not dismiss the forfeiture complaint before it; in fact the court remanded the action so that the district court could consider only *monetary* relief for the *Good* violation. *El Dorado*'s discussion of dismissal as a *Good* remedy is therefore of little, if any, precedential weight.

The Courts of Appeals for the Eighth and Eleventh Circuits have concluded that dismissal of a civil *in rem* forfeiture complaint is the appropriate remedy for a *Good* violation. *United States v. 2751 Peyton Woods Trail,* 66 F.3d 1164, 1167 (11th Cir.1995); *United States v. 2130 West Harbor Drive,* 48 F.3d 289, 291–92 (8th Cir.1995); *United States v. 9638 Chicago Heights,* 27 F.3d 327, 330 (8th Cir.1994) (concluding that invalid seizure necessitates dismissal of forfeiture action). The Seventh Circuit has indicated only that a forfeiture claimant whose realty is seized in violation of the Fifth Amendment is entitled to the return of rents accrued in the interim. *United States v. All Assets and Equip. of West Side Bldg. Corp.,* 58 F.3d 1181, 1193 (7th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 698, 133 L.Ed.2d 656 (1996). The Tenth Circuit has ruled that the *Good* claimant is entitled to the return of rents and the suppression of evidence obtained via the illegal seizure. *United States v. 51 Pieces of Real Property, Roswell, New Mexico,* 17 F.3d 1306, 1316 (10th Cir.1994). The Second Circuit accords a successful *Good* claimant only the right to have the evidence obtained through the invalid seizure excluded from the forfeiture trial. *United States v. Premises and Real Property at 4492 South Livonia Road,* 889 F.2d 1258, 1265–66 (2d Cir.1989).

The Eighth Circuit in *9638 Chicago Heights* considered dismissal the appropriate remedy because

> [s]uppression of evidence is an appropriate remedy for Fourth Amendment violations because the purpose of the illegal seizure

---

entered August 17, 1993, in effect vested in the United States any right, title, or interest in the subject property held by Karyn Degen. To the extent that Order and Judgment operated against Brian Degen, they have been vacated by the mandate of the Supreme Court. In other words, that Order settled the question of ownership as between the United States and Karyn Degen; the Order did not determine the respective ownership interests of Karyn Degen and Brian Degen. Such a determination remains for trial, *see infra* the portion of the instant Order requiring submission of evidence regarding Karyn's and Brian's respective interests in the subject seized property.

was to preserve or to acquire evidence. However, suppression of seized evidence provides no remedy at all when the purpose of the seizure is not to acquire evidence but to assert a possessory interest. *United States v. 9638 Chicago Heights,* 27 F.3d 327, 330 (8th Cir.1994).

This court disagrees. Fourth Amendment jurisprudence does provide a useful analogy for the present situation. It is simply not true that the "purpose" of an arrest or a search is merely the acquisition of evidence; the "purpose" is the enforcement of the criminal law, just as the "purpose" of *in rem* civil forfeiture is the expropriation of the fruits of criminal enterprise. It has never, for example, been the law that a search or seizure effected in violation of the Fourth Amendment requires dismissal of a criminal indictment. *Frisbie v. Collins,* 342 U.S. 519, 522, 72 S.Ct. 509, 511–12, 96 L.Ed. 541 (1952). In the usual case, the evidence acquired in the course of, or as a result of, that illegal search or seizure is ruled inadmissible to prove the government's case. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Ordering a forfeiture complaint dismissed for violation of the claimant's Fifth Amendment rights to notice and a hearing would parallel the dismissal of a criminal indictment for violation of the accused's Fourth Amendment rights against unreasonable searches and seizures. The law does not require such a remedy, indeed the Ninth Circuit has already ruled that an illegal seizure, by itself will not "immunize" seized assets from forfeiture. *United States v. $191,910.00 in United States Currency,* 16 F.3d 1051, 1065 (9th Cir.1994); *United States v. James Daniel Good Property,* 971 F.2d 1376, 1384 (9th Cir.1992), *rev'd in part on other grounds,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). *Accord United States v. Premises and Real Property at 4492 South Livonia Road,* 889 F.2d 1258, 1265–66 (2d Cir.1989).

For these reasons, it does not appear appropriate to dismiss the forfeiture complaint in this matter in order to remedy the constitutional violation. Justice will be served if the government returns the net rents earned from Claimant Brian Degen's seized real estate, and if any and all evidence obtained via the illegal seizure is ordered excluded from the forfeiture trial.

Finally, it remains to be noted that the requirement of *United States v. James Daniel Good Real Property,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) that the government provide pre-seizure notice and a hearing applies *only* to real property, not to personal property of any kind. 510 U.S. at 61–63, 114 S.Ct. at 505. The instant *in rem* complaint seeks the forfeiture not only of realty located in Nevada, California, and Hawai'i, but also of Brian Degen's ownership interests in several businesses, numerous motor vehicles, collections of household furniture and other objects, the contents of several bank accounts, etc. Brian Degen is entitled to no relief for the *ex parte* seizure of these items; the Due Process Clause requires no preseizure notice or hearing with respect to personal property. *See Good,* 510 U.S. at 55–63, 114 S.Ct. at 502–05.

### Conclusion

For the foregoing reasons, *IT IS THEREFORE ORDERED* that Claimant Brian Degen's Motion (Doc. # 135) for return of rents and other proceeds derived from the property seized by the United States, which the court treats as one for release from arrest under Fed.R.Civ.P.Supp.R. E(4)(f), is *HEREBY GRANTED* to the following extent and on the following basis:

*IT IS FURTHER HEREBY ORDERED* that within twenty (20) days of the date of the filing of this Order, the United States shall file with the Clerk of this court, and serve upon all other parties to this action, a detailed schedule of all monies expended by the government in the course of maintaining the subject seized realty, and a detailed schedule of all rents and profits received in connection therewith, from the date of the seizure forward. Such schedule shall calculate the total net rents and profits accrued to date.

*IT IS FURTHER HEREBY ORDERED* that Claimant Brian Degen shall have twenty (20) days from the date the above-described schedule is served upon him to file with the

Clerk of this court and serve upon all other parties any objections thereto.

**IT IS FURTHER HEREBY ORDERED** that within twenty (20) days of the date of the filing of this Order Claimant Brian Degen shall file with the Clerk of this court, and serve upon all other parties to this action, proof of the extent of his ownership interests in the subject seized real property.

**IT IS FURTHER HEREBY ORDERED** that the United States shall have twenty (20) days from the date of service upon the government of the above-described statement of ownership interests in the subject real property within which to file and serve any objections thereto.

**IT IS FURTHER HEREBY ORDERED** that any and all evidence, of whatever type and in whatever form, acquired during or as a direct or indirect result of the October 1989 seizure of the subject real property is **HEREBY EXCLUDED** from evidence in any further proceedings in connection with the instant forfeiture complaint.